## CHARLES DAEGLING

*v.*

## THOMAS E. GILMORE.

1. NEGLIGENCE—*liability of contractor—from negligence of his superior.* A contractor employed to do the brick work upon a building, under the plan and direction of an architect, as an agent of the owner, can not be held liable for the acts either of the architect or the owner.

2. SAME—*liability of the contractor.* In such case, the contractor, working under the plans and direction of the architect, only undertakes that *his* work shall be skillful and workmanlike, and can only be held liable for its sufficiency.

3. SAME—*contractor not liable for architect's negligence.* And if the contractor performs his work with skill and in a workmanlike manner, under the direction of the architect, and in accordance with his plan, he can not be held answerable in damages, for an accident which occurs from the falling of the building, where such accident was the result of a defect in the plan of the architect, not known to the contractor.

APPEAL from the Superior Court of Chicago.

The opinion states the case.

Messrs. HERVEY, ANTHONY & GALT, for the appellant.

Messrs. GARRISON & BLANCHARD, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action on the case, brought by appellee, in the Superior Court of Chicago, against appellant, who was employed by one Schwartz, to erect the walls of a brick building, near the premises of appellee. There was a contract to perform the wood work, and another to do the gas work and plumbing. It was all to be done according to plans and specifications furnished by one Bauer, an architect, and who

was, under the agreement of the parties, the superintendent of the work. The building, while in the process of erection, and before it was roofed, was blown down, and fell upon appellee's house and crushed it, destroying his household property, killing his wife and child, and injuring himself and niece, and he claims that he lost a considerable sum in money and government bonds. For these injuries he claims the right to recover damages in this action against appellant. A trial was had in the court below, and the jury found a verdict in his favor for $3,031. A motion for a new trial was entered, which the court overruled and rendered judgment on the verdict. The case is brought to this court on appeal, and a reversal is asked on the grounds of a misdirection of the jury by the court, and because the verdict was against the evidence and the instructions which were given.

It is. urged, that appellant was not liable for inherent defects in the plan of the building furnished by the architect. In this, as in all other actions, a recovery can not be had except for some neglect or violation of duty imposed by the law. As a general rule, one person is not responsible for the acts or omissions of another. It is, however, true, that there are certain relations, which, when they exist between parties, render one person liable for the acts or defaults of others, as in case of master and servant, and principal and agent, and in some other cases, where the doctrine of *respondeat superior* is applied. But in this case none of these relations appear to have existed. Appellant was the contractor to perform the work, under the direction of the architect as the agent of the owner of the lot; and hence, appellant can not, by any known rule of law, be rendered liable for the acts of either the architect or the owner.

Appellant had no right or power to control the acts of either, and to hold him liable for them would be to reverse the rule and require the inferior to answer for the acts of the superior,

32—49TH ILLS.

or his principal—to render the servant liable for the acts of his master, and the agent for those of his principal.

A builder, working under the plan and direction of an architect, does not hold himself out as a scientific architect. He only holds himself out as a skillful and competent workman, capable of fully carrying into effect the plans of the architect. He neither directly nor indirectly endorses or insures the sufficiency of the architect's plans. He does not devise them, endorse them, or undertake for their sufficiency. He only undertakes that his work shall be skillful and workmanlike. And if he fails in this, he must answer in damages for the loss that is thus produced. If, then, this building fell, as the result of negligence, incompetency or want of skill in the manner in which the work was performed by appellant, he would be liable for the damages which ensued. But if he performed his part of the work with skill, and in a workmanlike manner, under the direction of the architect, and on his plan, and that plan was defective, he would not be liable. He, in the performance of his part of the work, must be responsible for the skill and fidelity of the workmen he employs in its execution, as well as all persons under his control, but not for the acts of those under whom he acts, or for others acting independently of him. Hence, if it appeared that the negligent or unskillful manner of performing the carpenter's work, by the contractor, was the cause of the fall of the building, appellant would not be liable for the damages it produced. A case might occur, where a plan was so defective that a person unskilled in the principles of architecture would know that it was unsafe, in which case a contractor, working under such a plan, furnished by an architect, would be liable; but ordinarily such is not the case, unless it could be shown that the contractor knew the plan was defective, as in such a case he has no right, knowingly to endanger community.

Several of the instructions given for appellee, contravene the views here expressed, and they, no doubt, misled the jury

in arriving at their verdict, and they were, to that extent, erroneous, and the judgment of the court below must be reversed and the cause remanded for a new trial.

*Judgment reversed.*