JOHN J. SCHWARTZ

*v.*

CHARLES DAEGLING.

1. CONTRACTOR—*of his duty and liability.* A contractor in the erection of a building is bound to protect his work in all reasonable modes so as to preserve it from accident. He undertakes for the erection and completion of the building, or if only some of its parts, in a skillful and workmanlike manner, and to deliver it to the owner thus completed. To do so he must exercise skill, judgment and vigilance, and if, from a want of skill, or from carelessness, it falls or becomes injured, or is delayed in its completion beyond the time agreed upon, he is liable to respond in damages, though he is not required to guard against unusual and extraordinary tempests and inevitable accidents produced by the uncontrollable action of nature. His undertaking embraces all but the acts of God or the public enemy.

2. Where a contractor engaged to do the brick work upon a building under the plan and direction of an architect, and before the walls were completed they were blown down in a storm, the architect having previously directed the mason to more securely brace them, which he neglected to do, it was *held,* if the direction was feasible, and if complied with would have saved the building, the contractor would be liable for the injury. But if the injury was produced by an inevitable accident, over which he had no control, and would not have been prevented by reasonable efforts to further brace the walls, then he would not be liable.

APPEAL from the Superior Court of Chicago; the Hon. WILLIAM A. PORTER, Judge, presiding.

This was an action of assumpsit, brought by John J. Schwartz, against Charles Daegling, to recover for damage done to the plaintiff by reason of the falling of the walls of a brick building owned by him, and which the defendant had engaged to erect, alleged to have been occasioned by the negligence of the defendant. It appears the walls, when in process of erection, and were partially completed, on Sunday, the twenty-second of October, 1866, during a severe storm, fell to the ground and were destroyed. A trial by jury resulted in a verdict and judgment for the defendant, and the plaintiff appeals.

Messrs. FULLER & SMITH, for the appellant.

Messrs. HERVEY, ANTHONY & GALT, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In July, 1866, appellee contracted with appellant to perform the brick work of a building on State street, in the city of Chicago, twenty-four feet in width by eighty in length, and four stories high; the front to be of pressed brick. Afterwards, the length of the proposed building was changed to 120 feet, and a stone front was substituted for the brick. This necessitated an extension of time some four weeks. By the specifications the walls were to be ready for the roof by the fifteenth of September, and the building plastered by the first of October. The cut stone was to be furnished by another contractor, when and where directed by the mason who was to set the same.

On the twenty-second of October, 1866, the building was blown down. When this occurred, the side walls were up to within about five feet of their full height. The rear wall was about completed. The front had only been erected to the top of the second story, or at most, to the sills of the windows of the third story. When the building fell, the rear wall remained standing, and from twenty to thirty feet of the side walls.

The architect testified, that before Saturday, and again on the afternoon of that day, he had directed appellee to brace the building in a different and stronger manner, but he failed to do so, and during a blow the next day, it fell. Two architects testified the condition of the building, before it fell, was risky, by running the side walls to such a height without the front being built, when the weather was wet, and the risk was increased by reason of insufficient braces, but think the building would have fallen even had it been further braced, owing to the storm. These architects testified to the correctness of the plans and specifications for the building. On the trial in the court below, the jury found the issues for the appellee. A

motion for a new trial was entered, but it was overruled by the court, and judgment rendered on the verdict, to reverse which this appeal is prosecuted, and the record is brought to this court.

On the trial below, appellant insisted that the building fell, and the delay in its completion was occasioned by the negligent and insecure manner in which appellee erected the walls, and that he was entitled to recover damages for the delay. On the other hand, appellee insisted that he was guilty of no negligence, and that the work was well and securely performed, and that it was by reason of the violence of the gale, and the failure of the contractor for the cut stone for the front of the building, that it was blown down. In support of each theory much evidence was heard and passed upon by the jury, and as to its weight we shall not determine, as it must be again passed upon by another jury.

Appellant, among other objections, urged that the court erred in charging the jury, and complains of the refusal of the court to give his third and fourth instructions. This is the third instruction:

"Under the specifications introduced in evidence, it was the duty of the contractor to preserve and protect the walls of the building in question from the weather and force of the elements, and if further bracing became necessary, it was the duty of the contractor to provide and put it in.

"Hence, if the jury believe from the evidence, that the weather was such at the time of the accident in question as to render further bracing necessary to the safety of the walls of the Schwartz building, and that the defendant knew that further bracing was necessary, and did not provide and put it in, and that by reason of the want of bracing, and that merely, said building fell, then the jury should find for the plaintiff a verdict for such damages as they believe from the evidence the plaintiff sustained by reason of the fall of said building."

That a contractor, in the erection of a building, is bound to protect his work in all reasonable modes, so as to preserve it from accident, is undeniably true. He undertakes for the erection and completion of the building, or if only some of its parts, in a skillful and workmanlike manner, and to deliver it to the owner thus completed. To do so, he must exercise skill, judgment and vigilance, and if, from a want of skill, or carelessness, it falls or becomes injured, or is delayed in its completion beyond the time agreed upon, he is liable to respond in damages. If he could, by reasonable efforts in covering, bracing and protecting the walls, have prevented them from falling, he should have employed the means. This instruction, perhaps, was too broad, as it seems to imply that he should have protected the walls at all hazards, while he was not required to guard against unusual and extraordinary tempests and inevitable accidents produced by the uncontrollable action of nature. If this instruction had but required that he should use all reasonable and proper means for the preservation of the building, it would have been proper, as his undertaking embraced all but the acts of God or the public enemy.

It is again urged, that the court erred in refusing appellant's fourth instruction. It is as follows:

"If the jury believe from the evidence, that before the fall of the building in question, the architect instructed and directed the defendant to more securely brace the walls of said building, and that said defendant did not so brace them, and that if defendant had so braced said walls the building would not have fallen, then the plaintiff is entitled to recover, and the jury should find accordingly."

Appellee had bound himself to perform the work under the direction of Baur, the architect named and selected to superintend the work. He was to make estimates, inspect materials and direct the mode in which the work was to be done. A

fair and reasonable construction of the contract gave the architect, for the security of the parties, the right to direct how the building should be braced.   If the direction was feasible, and appellee could have complied with the direction, and thus have saved the building, then he undoubtedly should have complied with the order.   If, however, the injury was produced by an inevitable accident, over which appellee had no control, and which would not have been prevented by reasonable efforts to further brace the walls, then he would not have been liable. But this instruction negatives the idea that it was inevitable, as it only declares that he would be liable if the building fell for want of such braces directed by the architect to be employed. This instruction was proper, and should have been given.

The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*