## L. M. Johnson, Appellant, v. W. J. Turnes Company, Appellee.

### Gen. No. 15,330.

1. DAMAGES—*when building contractor not liable.* A contractor engaged in the construction of a wall of a building which is injured by the architect, who was the owner's agent, permitting an independent sewer contractor to excavate too close to such wall, is not liable for the resulting damage.

2. CONTRACTS—*when architect's decision not binding.* A clause in a building contract which gives to the architect the power to render final and binding decisions "in case any difference of opinion shall arise * * * in relation to this contract," does not authorize such architect to decide as to who shall be liable for damages claimed by the owner for matters arising outside of such contract.

Johnson v. Turnes Co., 158 Ill. App. 378.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed November 10, 1910. Rehearing denied November 25, 1910.

**Statement by the Court.** Appellant sued to recover damages from defendant upon a building contract. The declaration charges the contract provided *inter alia* that the work would be accepted in a finished and undamaged state only; that the defendant. should protect the work during its progress, and if said work was damaged do all necessary patching and should be liable upon all the conditions of the contract before the work was completed, and accountable to the owner or other contractors for any and all loss or damages that should or might happen to said building or any part thereof. It is averred there was a provision in said contract to the effect that in case any difference of opinion arose between the parties in relation to said contract or work to be performed under it, or in relation to plans, drawings or specifications, the decision of Thomas H. Mullay, the architect named therein, should be final and binding on the parties thereto.

The main controversy, it is said by plaintiff's attorneys, "arises over the fact that while appellee was working on the building, the erection of the walls thereof and before the wall was quite completed, the plumbing contractor, who had a contract for the plumbing work of substantially the same general terms and conditions as that appellee had for the mason and carpenter work, and who was we believe without doubt an independent contractor, started his excavation for the sewer pipe and dug his trench for the same within a few feet of the northwest corner of the building in question instead of running it at a point about ten feet from said corner as indicated from the plan, and the soil at the point in question being light and sandy gave way, thereby causing the wall on which appellee was working to sink, pull apart and crack, thereby greatly

injuring the building in value, appearance and use. Appellee was at the time working on the building and took no steps to protect the wall from the trench, although requested so to do, taking the position that it was not liable under the terms of its contract to take any steps to protect its work from the trench in question. Thereafter appellant fixed the wall as best it could be done at an expenditure of about $350. The architect thereafter issued his final certificate in which he charged up to appellee certain items for work left undone, the item of $350 for shoring up the defective wall and an item of $1,000 for the injury to the wall and decrease in value of the building by reason of appellee not having turned the building over in an uninjured and completed condition.''

The cause was submitted to the court without a jury, and the court found the issues for the defendant and gave judgment accordingly. Plaintiff appeals.

Hebel & Haft, for appellant.

Atkinson & Hibben, for appellee.

Mr. Presiding Justice Freeman delivered the opinion of the court.

It is urged that defendant undertook to perform the contract unconditionally within a certain time and that nothing but the act of God or public enemy will excuse non-performance; second, that the relation between the plaintiff and the sewer contractor ''was that of contractor and contractee and not that of master and servant'' and consequently the plaintiff is not chargeable with any negligent conduct of the sewer contractor. Plaintiff states his position to be first that the defendant ''is liable because knowing the walls were in a dangerous condition he failed and neglected to protect them'' (citing Schwartz v. Daegling, 55 Ill. 342), and ''Second, appellee is liable because it undertook at all hazards by the terms of its contract (fire excepted) to construct this building and deliver it to appellant in a completed condition.''

It is conceded however "that the original cause of the accident in question was the conduct of Racine, the plumbing contractor," and "that the contract between the plaintiff and the Turnes Company is identical in form with that between the plaintiff and Racine." Here there were two independent contractors over whom the architect had by the terms of the contract equal authority and control. The architect was the owner's agent. If he permitted Racine, the sewer contractor, to dig the sewer in such close proximity to the wall erected by the defendant as to cause that wall while still new to sink and crack, when he had by the terms of the contract authority to prevent such conduct on the part of the sewer contractor, no reason exists so far as we discover for holding defendant liable for the acts and omissions of another contractor over whom the defendant had no control. The mere fact that defendant failed to complete the building on time is not important under the conditions. The contract itself provides that "accidents and other causes beyond the power of the contractor will in the judgment of the architect be valid cause for the extension of time in this contract." What is said in Daegling v. Gilmore, 49 Ill. 248-250, is clearly in point. Referring to the contractor the court says: "He in the performance of his part of the work must be responsible for the skill and fidelity of the workmen he employs * * * as well as all persons under his control; but not for the acts of those under whom he acts or for others acting independently of him." Having allowed the sewer contractor to disturb the foundations built by the defendant in pursuance of his contract, the owner and his agent, the architect, can not now charge the defendant with damages occasioned by the architect's failure to prevent the sewer contractor from undermining such foundations. The owner in this case had not in the language of the court in Schwartz v. Gilmore, 45 Ill. 455-460, "So far given to the contractor all control over the work and the premises as to be re-

lieved of all responsibility." The contract required the work to be done according to the plans and specifications to the satisfaction of and under the direction of the architect, who might make alterations. The defendant was by the terms of the contract to "carry forward the work under the control" of the architect, who was by the owner made his representative, and it was the duty of the architect having control of the work not to stand by idly and permit an independent contractor to damage or undo defendant's work. As said in Schwartz v. Gilmore, *supra* (p. 460), if it was necessary to protect the walls "he should have seen that it was done."

Instead of doing this the architect permitted the damage to be done by the sewer contractor and now seeks to hold the defendant, who so far as appears was not responsible for it, liable for the whole damage. He issued a certificate in which he certifies to the owner that he, the owner, "is entitled to a payment of five hundred and twenty-four dollars" from the defendant, and deducts over a thousand dollars from the amount due defendant for alleged "damages to building from cracks and crooked walls and from not attending to same promptly before accepting by the architect, slanting door piers and front door, loss in the selling value of the building, windows open at top and bottom, etc.," and he charges also against defendant other items amounting to over $400, such as "shoring up building" and "paid to the architect for extra labor and work," all of which so far as appears were matters arising from the same negligent acts of the independent sewer contractor. We find in the contract no warrant for such charges. The clause giving authority to the architect as final arbiter is as follows: "It is further agreed that in case any difference of opinion shall arise between the said parties in relation to this contract, the work to be performed under it or in relation to the plans, drawings and specifications hereto an-

nexed, the decision of said Thomas H. Mullay, the architect, shall be final and binding on all the parties hereto." The matters thus submitted to the final arbitrament of the architect are such as relate to the contract and the work to be performed under it. Whether or not the defendant contractor shall be liable for damages claimed by the owner for matters arising outside the contract is not a question submitted to the architect in this case. His certificate purporting to determine such a question and arbitrarily awarding damages to his client and fees to himself is an attempt to exercise authority which the contract does not confer.

Finding no error, the judgment of the Municipal Court will be affirmed.

*Affirmed.*