(No. 24771.—

HERBERT E. ROBERTS, Appellant, *vs.* THE TOWN OF CICERO *et al.* Appellees.

*Opinion filed October 21, 1938—Rehearing denied Dec. 13, 1938.*

LOESCH, SCOFIELD, LOESCH & BURKE, (EDWARD M. BURKE, and WILLIAM A. REDMOND, of counsel,) for appellant.

OTTO KERNER, Attorney General, (JEROME F. DIXON, of counsel,) for appellee Ernst Lieberman; GEORGE C. BLISS, for appellee The Arcola Construction Company.

Mr. JUSTICE WILSON delivered the opinion of the court:

Herbert E. Roberts filed in the circuit court of Cook county a complaint, consisting of four counts, two of which were subsequently amended, charging, respectively, the town

of Cicero, the Arcola Construction Company, Ernst Lieberman, State highway engineer, and George A. Quinlan, assistant State highway engineer, each separately, with the liability for an injury to Roberts and his automobile, caused by the striking of an upright support, negligently permitted to remain under a bridge at Twenty-sixth street and Robinson avenue in the town of Cicero. The town of Cicero and Quinlan filed answers to the complaint. The Arcola Construction Company and Lieberman each filed a motion to dismiss counts 2 and 3 of the complaint, charging them, respectively, with the liability. These counts were amended and the motions to dismiss were renewed and sustained. The third count was amended a second time but the final motion to dismiss it was sustained. The plaintiff elected to abide by the amended complaint as it applied to each of the defendants named. Judgment was entered in favor of each defendant. The appeal is direct to this court. The town of Cicero and George A. Quinlan are not parties to the appeal.

Because the defenses are different, separate briefs have been filed on behalf of the Arcola Construction Company and Lieberman. The motion to dismiss the amended count charging the construction company with liability will be first considered. The construction company contends that the complaint, as to it, does not state a cause of action, and that no actionable negligence on its part is shown. The Chicago, Burlington and Quincy Railroad Company, in 1894, entered into a written agreement with the town of Cicero for the erection and maintenance of a viaduct or bridge in that town on Robinson avenue (now known as Fifty-second street) over Twenty-sixth street, to span or cross over the tracks and yards of the railroad company to extend in a general northerly and southerly direction. The viaduct or bridge was to be completed within three years. The railroad company erected the bridge and sub-

sequently conveyed it to the town of Cicero. The town was thereafter to maintain the bridge and its approaches. The Arcola Construction Company subsequently entered into a contract with the board of commissioners of Cook county providing for the construction of a State aid highway on Twenty-sixth street. It constructed the highway in accordance with the plans and specifications furnished it by the State highway division of the Department of Public Works and Buildings of the State. The complaint alleges that an upright support for the bridge was about eight feet off the center line of the highway, (thirty-five feet in width,) and that the part of the highway to the north of the support, constituting the west-bound lane of traffic was twenty-three feet in width, while the portion of the roadway south of the support, constituting the eastbound lane of traffic, was only twelve feet in width. From the width of the street and the distances from the support to both of the outside edges of the roadway, as stated, the conclusion that the support was about eight feet off the center of the roadway is apparently erroneous. The distance off the center would be only about five and one-half feet. It is not alleged that the Arcola Construction Company erected the support in question. The construction company's contention is that it had no control over locating the upright support already in the highway, but performed its service in conformity with the plans and specifications supplied it by the State highway division of the Department of Public Works and Buildings.

The plaintiff seeks to bring this case within a principle of law announced in *Daegling* v. *Gilmore,* 49 Ill. 248. That case was an action for damages caused by the falling of a building constructed by a contractor in accordance with the plans of an architect. It is stated in that decision that if a plan is so defective that a person unskilled in the principles of architecture would know that a building constructed

according to the plan would be unsafe, the contractor working under such a plan, even though furnished by an architect, would be liable. There was, however, no decision in that case that the contractor was negligent in the performance of his duties nor liable for the collapse of the building. It was stated that the contractor could not be held liable for the acts of the architect, and that, working under the plans and directions of the architect, the contractor undertook, only, that his work should be skillful and workmanlike. The decision tends more to support the contention of the construction company than that of the plaintiff. The State highway department furnished the plans for the surfacing of the highway and the Arcola Construction Company performed its work in accordance therewith. Twenty-sixth street was thirty-five feet wide under the bridge and its south boundary line was already fixed. The support was then, and for sometime prior thereto had been, in the highway and there was sufficient space for the passage of vehicles on either side of it. It was not shown that the support had been placed or remained under the bridge for any purpose connected with the construction of the State aid road, nor that the improvement changed any condition previously existing to one of greater danger. The construction company did not devise the plans for the State aid highway, did not place any support therein and was not charged with the duty of removing the support. It was not its duty to place a warning signal at the support. There was no error in sustaining the motion to dismiss the complaint as to the Arcola Construction Company.

The substance of the motion on behalf of Lieberman to dismiss the complaint as to him is that the law did not charge him with the duty of preparing or approving plans and specifications or preparing surveys with respect to the construction of the State aid highway, and that he did not owe the plaintiff the duty charged in amended count 3;

that there is no such office or place of employment as chief highway engineer of the State of Illinois, provided by law, and the defendant Lieberman holds no such office or place of employment; that none of the acts alleged set up a cause of action which would accrue in favor of the plaintiff as against him; that, even assuming that the defendant Lieberman occupies an office or place of employment as chief highway engineer of the State, then the action is one against the State and such an action is forbidden by the constitution.

A chief highway engineer was provided for in the original State aid roads act of 1913, but the office was abolished by the Civil Administration Code of 1917. (Laws of 1917, p. 16.) Thereafter the Department of Public Works and Buildings was given the power to exercise the rights and duties previously vested by law in the State highway department and the chief highway engineer. (Laws of 1917, p. 24.) When the cause of action herein, if any, arose there was no statute in force imposing any official duty upon the chief highway engineer as an official of the State. The approval of plans and specifications for the State aid roads was then and is now required of the Department of Public Works and Buildings, and that department is a part of the State government. (*Noorman* v. *Department of Public Works,* 366 Ill. 216.) It is urged on behalf of the plaintiff that the second amendment of count 3 of the complaint alleges that the defendant Lieberman was an employee of the State of Illinois in the division of highways of the Department of Public Works and Buildings and that he was using the title of chief highway engineer. After this amendment was made there was no motion by the plaintiff to dismiss the complaint as to Lieberman as an official of the State so that the suit might proceed against him individually. After the amendment was made the defendant Lieberman filed an additional ground for the dismissal of

the amended count, averring that if it stated a good cause of action at all it was still one against the State, which is forbidden by the constitution.

The same allegation as to liability, the substance of which has heretofore been stated, was made in the count charging Lieberman with negligence in approving the plans and specifications, under which the support mentioned was allowed to remain located away from the center of the highway. The count as to Lieberman does not charge that he had anything to do with the approval of plans relating to the construction of the bridge over Twenty-sixth street or placing the support in the street. While the principal part of the contract between the railroad company and the town of Cicero was attached as an exhibit to the complaint, the plans and specifications for the bridge, which were attached to the contract and were a part of it, were not shown in the complaint. The inference is that the support would be a part of the bridge, shown in the plans and specifications mentioned, and therefore a part of the subject matter of the contract between the railroad company and the town. It was not in the street for any purpose connected with the State aid improvement and that improvement did not increase any existing danger. Under all ordinary circumstances vehicles could pass without difficulty on either side of the support as it existed in the highway. If the support when erected was a legalized obstruction in the street (and supports under bridges are so recognized) any danger incident to its particular location was present when it was erected and was not increased by the improvement of the surface of the street. The State was not a party to the contract between the railroad company and the town. It is not alleged that the State took control of the highway from the town of Cicero.

What is herein stated with respect to the charge against the Arcola Construction Company is pertinent to the complaint against Lieberman. It was not his duty to disapprove

plans for the improvement which omitted to require the removal or replacement of the support under the bridge. Lieberman is not liable for the injury to the plaintiff and his automobile. (*People* v. *May*, 251 Ill. 54; *Daegling* v. *Gilmore, supra.*) Both motions to dismiss were properly granted.

Separate judgments were entered in favor of the two defendants, and those judgments are affirmed.

*Judgments affirmed.*