Geneva Construction Company, and Frank J. Powers,
Plaintiffs-Appellees, v. Martin Transfer and Stor-
age Company, Defendant-Appellant.

Gen. No. 10,681.

Opinion filed October 14, 1953. Released for publication November 2, 1953.

ALLEN, MATTHEWS, JORDAN & DEAN, of Aurora, and ECKERT, PETERSON & LEEMING, of Chicago, for appellant; EVERETT JORDAN and JOSEPH T. SUHLER, both of Aurora, and HAROLD W. HUFF, and HERBERT C. LOTH, JR., both of Chicago, of counsel.

WILLIAM C. O'BRIEN, of Aurora, for appellees; WILLIAM C. O'BRIEN, WILSON D. BURNELL, DONALD L. PUCKETT, and JOSEPH H. BARNETT, all of Aurora, of counsel.

MR. JUSTICE ANDERSON delivered the opinion of the court.

The Geneva Construction Company, plaintiff herein, filed suit to recover compensation paid to its employee, Frank J. Powers, in the circuit court of Kane county, Illinois, against Martin Transfer and Storage Company, defendant. The suit was based upon paragraph 1 of section 29 of the Illinois Workmen's Compensation Act. (Ill. Rev. Stat. 1949, chap. 48, par. 166 [Jones Ill. Stats. Ann. 143.44].) Geneva alleged in its complaint that its employee, Frank J. Powers, was injured

in 1948 as a result of the negligence of one of the employees of the defendant. The usual allegations of negligence, due care, and proximate cause of injuries were contained in the complaint. All of the parties were under the Compensation Act at the time of the occurrence.

Subsequent to the filing of this complaint, the Supreme Court in 1952 handed down its decision in *Grasse v. Dealer's Transport Co.,* 412 Ill. 179. In that case the Supreme Court held that paragraph 1 of section 29 of the Workmen's Compensation Act was unconstitutional. More than two years after the suit was filed, leave was asked and obtained by Frank J. Powers to intervene as a party plaintiff. The plaintiffs then obtained leave to file an amended complaint consisting of four counts. Defendant vigorously opposed the joinder of Frank J. Powers as a party plaintiff and also the motion by plaintiffs to file an amended complaint. The cause proceeded to trial with a complaint containing four counts in substance as follows:

In the first count in the amended complaint, virtually identical to the original complaint, the Geneva Construction Company asked judgment against the defendant for $3,706.83, the amount of compensation paid by it to Powers.

In the second count of the amended complaint the Geneva Construction Company alleged that a cause of action had accrued to it for damages resulting from the injuries to Powers and requested judgment in the amount of $30,000.

Count III, filed on behalf of both the Geneva Construction Company and Frank J. Powers, asked judgment against the defendant for $30,000, both for money paid out to Powers by the Geneva Construction Company and for damages for personal injuries to Powers.

Count IV of the amended complaint, on behalf of Frank J. Powers alone, was a common-law action against the defendant for $30,000, for personal injuries arising out of the accident.

Issue was joined and the cause proceeded to trial. The jury returned a general verdict for both plaintiffs against the defendant in the amount of $15,000, and judgment was entered thereon by the court. Motions for a new trial and for judgment notwithstanding the verdict were denied, from which defendant prosecutes this appeal.

The parties have agreed and stipulated in this court that the sole questions involved herein are ones of law.

Defendant contends that an employer who has paid compensation to his employee under the terms of a Workmen's Compensation Act, which contains no provision for subrogation, is left without remedy against a third-party tort-feasor, who is under the Act, who has injured the said employee. Defendant further contends that at the time the Geneva Construction Company filed its suit, it had no cause of action by virtue of the decision of the Supreme Court in the *Grasse* case; that at the time Geneva filed its suit, it had no cause of action under the common law by way of subrogation or otherwise; and that the alleged cause of action of Powers is barred by the Ill. Rev. Stat. 1951, chap. 83, par. 15 [Jones Ill. Stats. Ann. 107.274], which provides that all actions for personal injuries shall be commenced within two years after the cause of action accrues.

The patent effect of the *Grasse* decision was to leave the Illinois Workmen's Compensation Act without a provision for subrogation to an employer in the position of Geneva.

Paragraph 1 of section 29 of the Workmen's Compensation Act provided that where both employers are

under the Act and the plaintiff's employee is injured while he and his employer are in the exercise of ordinary care as a result of the negligence of the defendant employer or his employee and compensation has been paid under the Act by the plaintiff's employer, the employee's cause of action is transferred to his employer and he may collect the compensation paid and no more and his employee can maintain no action to recover damages for his injuries.

██ Paragraph 2 of section 29 specifically applies only to cases where the third-party tort-feasor is not bound by the Act. It is clear, therefore, that at the time Geneva filed its suit, it had no cause of action under the Compensation Act and was, therefore, without remedy unless some remedy existed at common law. The fact that at the time the original complaint was filed the cause of action was based upon paragraph 1 of section 29, subsequently held unconstitutional, is wholly immaterial. The true test of the sufficiency of the original complaint was whether or not all the essential elements of a cause of action were alleged therein. In order to determine whether or not Geneva had any cause of action at the time of the filing of the original complaint under common-law subrogation principles, an analysis of the *Grasse* decision is imperative.

In that case a complaint containing two counts was filed. Count I was filed in the name of the employer to recover compensation paid to its employee for injuries sustained as a result of the negligence of one of the employees of the defendant and was based upon paragraph 1 of section 29 of the Compensation Act. Count II was filed in the name of the injured employee and was a common-law action for personal injuries. On motion in the trial court, Count II was dismissed and the trial court held that by virtue of paragraph 1 of

section 29 the cause of action of the employee was transferred to the employer. The Supreme Court held paragraph 1 of section 29 of the Illinois Workmen's Compensation Act to be unconstitutional and reversed the trial court in its action in allowing the motion to dismiss Count II of the complaint. The Supreme Court held that the legislative action limiting recovery to the injured employee where all parties were under the Act to the compensation paid, and permitting recovery where the defendant tort-feasor was not under the Act is an arbitrary classification without reasonable basis and does not constitute a reasonable exercise of the police power. The court further held that such legislative action violated the guarantee of due process of law and equal protection of the law under the Federal and State Constitutions as well as under section 22 of article 4 of the Illinois Constitution forbidding special laws granting special privileges. The court further held that such legislative action violated section 19 of article 2 of the State Constitution which provides that every person ought to find a remedy in the law for all injuries and wrongs which an individual's person, property, and reputation may receive.

While it is vigorously argued by the defendant that the foregoing question of constitutionality was the only question decided by the court, and that the other language contained in the opinion is *dictum,* various other associated propositions were analyzed fully. With respect to the identical argument presented here by defendant, our Supreme Court said at page 201:

"The effect of our determination is to render the provision void, and to relegate the parties to such rights as they may have had prior to the enactment of the unconstitutional provision. (*People v. Schraeberg,* 347 Ill. 392.) Under those circumstances, the rights of the parties would be governed by common-law sub-

rogation principles, and the non-negligent employer who had paid compensation would be entitled to be subrogated to the rights of the employee against the third-party tort-feasors. The employee, in turn, would not be entitled, as defendant suggests, to retain both compensation from his employer and damages against the third party, but would, under common-law principles, be required to reimburse his employer for the amount paid him from the sum recovered from the third party. Where, however, the third party tort-feasor is not bound by the act, the employer's subrogation rights would still be governed by the second paragraph of section 29, which has not been modified by our decision.

"The essential difference between the status of employers who would now be relegated to common-law subrogation rights against tort-feasors under the act, and employers who assert rights under the second paragraph of section 29 against tort-feasors who are not bound by the act, is the time when such rights may be asserted."

 The opinion holds paragraph 2 constitutional. While the opinion does not so state, it appears to us it necessarily holds that the paying employer still has a right of action under the principles of common-law subrogation. If this were not true, then paragraph 2 would be vulnerable to the same attack and would be unconstitutional for the same reasons that paragraph 1 was held invalid in that it would create an arbitrary classification without rational difference.

 This part of the opinion is obviously an answer to the argument that the non-negligent employer would not be protected and be unable to recover his compensation paid. He would not be deprived of due process of law by the holding of the court that paragraph 1 was

unconstitutional. The obvious import of the foregoing language is such that this court is constrained, if not legally bound, to follow it.

■■ Generally speaking the doctrine of subrogation is an equitable one now applied by courts of law and it has been steadily expanding and growing in importance and extent in its application to various subjects and classes of persons. It is said that the doctrine of subrogation as now applied is broad enough to include every instance in which one person, not acting voluntarily, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter, but no general rule can be laid down which will afford a test in all cases. (25 R. C. L., p. 1322; 50 Am. Jur. 685, 686; 60 Corpus Juris, 700–706.)

In *Smith v. Clavey Ravinia Nurseries, Inc.*, 329 Ill. App. 548, 2d Dist., this court applied the doctrine of subrogation in a compensation case. The facts in the case were that the injured employee received an award under the compensation law of Wisconsin against his employer. The award was not paid by his employer nor by his insurance company which had become insolvent. Under the law of Wisconsin it was provided that a fund be created from a percentage of the premiums collected by the insurance carriers to pay awards in case of insolvency of the insurance carriers. The award was paid from this fund. Pursuant to the Wisconsin statute the custodian of the fund filed suit against the injured employee's employer for reimbursement. The theory advanced by the plaintiff was that he was entitled to reimbursement under the common-law doctrine of subrogation and under the provisions of the Wisconsin statute. The Appellate Court held that the plaintiff was entitled to recover on either ground. The Appellate Court said that the case was

one of first impression as to whether the doctrine of subrogation was applicable. On page 552 they say:

"(2) From the pronouncements of leading jurists and encyclopedists, it is evident that the doctrine of subrogation has been steadily expanding and is a favorite of the law. 50 Am. Jur., 685, 686; 60 Corpus Juris, 700–706.

"(3) Founded on the general and vague concepts of justice and good conscience, subrogation has been nurtured and encouraged, and is no longer restricted to cases of contract and suretyship.

In 50 Am. Jur. 686, it is stated: 'As now applied, it (subrogation) is broad enough to include every instance in which one person not acting as a mere volunteer or intruder pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter.'

In 60 Corpus Juris, 706, and the cases cited in support thereof, it is further stated: 'It (subrogation) is no longer confined to cases of suretyship, but the doctrine has been steadily growing and expanding in importance and becoming more general in its application to various subjects and classes of persons, the principle being modified to meet the circumstances of cases as they arise.'

"This interpretation of the scope of the doctrine has been adopted by the Illinois courts, and the foregoing excerpt from Corpus Juris was quoted by the court in People ex rel. Nelson v. Phillip State Bank & Trust Co., 307 Ill. App. 464, 467. Moreover, in the recent case of Cherry v. Aetna Casualty & Surety Co., 372 Ill. 534, the Illinois Supreme Court stated with reference to the doctrine of subrogation, 'Subrogation is not simply a matter of contract but is one of equitable right.' "

299

■ This question is not free from difficulty. Considering the language of the court in the *Grasse* case and the *Ravinia Nurseries* case, we believe that one who is compelled to pay out money that is equitably due him by others should be permitted to obtain recovery.

The defendant argues that while there is no case exactly in point in Illinois the great weight of authority in other States is that there can be no recovery under subrogation or indemnity principles. The cases on this subject are fully discussed and analyzed in the *Crab Orchard Imp. Co. v. Chesapeake & O. Ry. Co.*, 115 F. (2d) 277, decided by the United States Circuit Court of Appeals.

The employer in this case sought to obtain recovery of compensation paid from a tort-feasor who had injured his employee. Under the Workmen's Compensation law of West Virginia, the employer was compelled to pay compensation, but there was no provision permitting recovery. Recovery was sought on common-law principles of subrogation or indemnity. The court held that in absence of statute, the compensation payment being compelled by law, the paying employer was not entitled to recover on the theory of common-law subrogation or indemnity. The *Crab Orchard* case was approved on similar facts by the Circuit Court of Appeals, 9th Circuit (1952) in *Maryland Casualty Co. v. Paton*, 194 F. (2d) 765. While these cases are authority for defendant's position, we do not think, for the reasons above expressed in this opinion, that they should be followed here.

■ It is our opinion from the language in the *Grasse* opinion and in the *Ravinia* opinion that subrogation principles are applicable here. We hold that at the time of the accident, one cause of action arose. It belonged to Frank J. Powers. At the time that the Geneva Construction Company paid compensation to

Frank J. Powers pursuant to its obligation under the law, Geneva acquired an interest in the said cause of action sufficient to permit it to file a suit in its own name. Geneva acquired its interest in the cause of action by virtue of subrogation principles. In effect Geneva became at least a partial owner of Power's cause of action. Although the original suit was in the name of the employer, it arose out of the same transaction as the employee's right of action. Inasmuch as Geneva had a sufficient interest to file suit in its own name and since there was but one cause of action arising out of the same transaction or occurrence, then the complaint was amendable both as to parties and as to any allegations contained therein regardless of how erroneously stated. The right to amend or add additional parties is permitted by section 46 of the Civil Practice Act. (Ill. Rev. Stat. 1951, chap. 110, par. 170 [Jones Ill. Stats. Ann. 104.046].) This section of the statute was thoroughly analyzed in *Metropolitan Trust Co. v. Bowman Dairy Co.,* 369 Ill. 222.

 Section 46 provides in substance for liberal amendments to all pleadings by adding new parties or changing the cause of action if it shall appear from the original and amended pleadings that the cause of action grew out of the same transaction or occurrence although the original pleading fails to allege a cause of action, and that for such purpose only, the amendment shall be held to relate back to the filing of the original pleading. The *Bowman* case held that the "same transaction or occurrence" meant the same suit. It is true in the *Bowman* case there was no substitution of parties. This provision of the statute is also discussed in *Huntoon v. Pritchard,* 371 Ill. 36.

 As discussed in the cases above the purpose of this provision of the statute is to prevent the statute of limitations from applying, to prevent recov-

ery if the original complaint was defective in not stating a cause of action or if certain necessary parties were omitted. All such amendments either as to parties or substance are authorized if the transaction grew out of the same occurrence or suit although the amended pleadings or amendments as to parties may have been added after the expiration of the statute of limitations. It appears to us that in the instant case, there is no doubt that the amended pleadings grew out of the same facts or occurrence as alleged in the original pleading. We find that the defendant's contention that the statute of limitations bars the action is without merit.

We hold that after the accidental injury to Powers, he had a common-law cause of action against the defendant for damages for his personal injuries. Thereafter the Geneva Construction Company under subrogation principles was entitled to bring suit in its own name against the defendant. At that time the cause of action was in Powers 'and the Geneva Construction Company. We also hold that the fact that Powers was not made a party to the original suit did not terminate his right to sue although he was not joined as party plaintiff until more than two years after the cause of action accrued. The fact that the cause of action was brought in the name of the Geneva Construction Company did not prevent the addition of Frank J. Powers as joint-party plaintiff.

The record discloses that the verdict was general in form and must be upheld if it can be sustained by any count of the amended complaint. In our opinion the verdict is not sustained as to Counts I, II, and IV of the amended complaint, but is sustained as to Count III. Count III is a joint action by both plaintiffs and the jury found that both plaintiffs were entitled to recover from the defendant the sum of $15,000.

This verdict is consistent and determines that both plaintiffs are entitled to recover this sum. How this sum is to be divided is of no concern to the defendant. Both plaintiffs are concluded by the judgment against any further action against the defendant.

 The defendant further contends that Geneva cannot recover for failure to comply with section 22 of the Practice Act (Ill. Rev. Stat. 1951, chap. 110, par. 146 [Jones Ill. Stats. Ann. 104.022]) in that there is no verified pleading alleging that Geneva is the bona fide owner of the cause of action. Under the views expressed in this opinion, holding that under subrogation principles Geneva might bring suit although owning only a partial interest in the cause of action, the provisions of the above section of the Practice Act are not applicable and defendant's contention is without merit.

Motion of plaintiff taken with the case to strike parts of the reply brief or in the alternative for leave to amend the amended complaint by verification is denied.

It is admitted by the defendant that the verdict is sustained by the evidence and is not excessive; so a new trial should not be awarded.

We believe the judgment of the trial court is sustained by the law as disclosed by the record and its judgment should be and is affirmed.

*Judgment affirmed.*