EDWARD SMITH, Plaintiff-Appellant, v. GENERAL PAVING COMPANY, Defendant-Appellee.

(No. 74-100;

Third District—November 27, 1974.

Sidney Karasik, of Chicago, and Sheldon W. Reagan, of Kankakee, for appellant.

Jack E. Horsley and Stephen L. Corn, of Craig & Craig, of Mattoon (Richard F. Record, Jr., of counsel), for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Edward Smith, appellant, appeals from an order of the Circuit Court of Kankakee County which dismissed his complaint against defendant, General Paving Company, for failure to state a cause of action.

This issue before us is best understood by a brief reference to the background of the action. It appears from the record that near Christmas in 1965 a severe flood which followed a rain caused the water to rise to the first story of a building owned and operated by plaintiff as a tavern and apartment in which plaintiff lived. The water rose into the first story of the building and the electrical wiring became short-circuited and caused a fire which totally destroyed the structure. At that time, defendant General Paving Company was working in construction work on Illinois Route 54 at its intersection with Chebanse Road. Plaintiff's home and tavern were located nearby in Chebanse.

Plaintiff Smith filed a three-count complaint in the Circuit Court of Kankakee County which alleged that defendant negligently allowed the drainage system in the area to become clogged thus causing the flood and the fire which destroyed plaintiff's property. The complaint and first and second amended complaints which were filed thereafter were all dismissed on the motion of defendant as being insufficient as a matter of law.

A third amended complaint, including a fourth count, was then filed. It was also eventually dismissed and following denial of a rehearing, plaintiff appealed to this court. The third amended complaint alleged that defendant had a duty to exercise due care in keeping the drainage systems in the area from being clogged, as defendant knew or should have known that clogged drains could cause floods or other damage during rainstorms. Count I charged specifically that defendant negligently permitted the drains to become clogged which resulted in destruc-

tion of plaintiff's property. Count II further alleged that the resulting floods prevented the fire departments from reaching plaintiff's home so as to be able to extinguish the fire caused by the flood. Count III which relied on the doctrine of *res ipsa loquitur* alleged that defendant was in control of the drainage systems in the area, and that such severe flooding does not normally occur without some sort of interference with the drainage system. Count IV alleged the existence of a contract between the State of Illinois and defendant General Paving Company which included among its terms the following provision from the State's "standard specifications":

> "The roadway shall be maintained so that it will be well drained at all times. If, during the prosecution of the work, it is necessary to interrupt existing sewer or under drainage, temporary drainage facilities shall be provided until the permanent drainage work has been completed  *  *  *  The contractor shall be responsible for, and shall take all necessary precautions to preserve and protect all existing tile drains, sewers, and other subsurface drains or parts thereof which may be affected by his operation."

In Count IV it was also alleged that defendant was guilty of negligence in failing to keep the drainage system in working order and thereby damage was caused to plaintiff's property. The complaint alleged damages in the amount of $200,000.

In considering defendant's motion to dismiss the third amended complaint, the trial court dismissed the first three counts for the stated reason that "nothing is alleged concerning the contractor's relationship with the State concerning the construction of the highway or the plans and specifications for its construction. Apparently, since Count IV contained allegations concerning the contract, that part of the complaint was then allowed to stand. Defendant, however, subsequently moved to dismiss Count IV on the ground that plaintiff had been fully reimbursed for his damages by insurance payments and was no longer the real party in interest since the insurers had been subrogated to his claims. The trial court granted that motion and eventually an order was entered dismissing the complaint as a whole. Counts I, II and III were dismissed for the reason that they did not mention the State contract under which defendant was working nor did the counts measure defendant's negligence in terms of the contractual plans and specifications. From the record it is difficult to see how the existence of a contract with the State would be indispensable to a charge of negligence. If there were no such contract, the first three counts of the complaint would be sufficient to state a cause of action. Defendant contends that with the contract in existence, defendant's only duty was to follow the plans and specifica-

tions in the contract and that a breach of duty would be alleged only by alleging a negligent noncompliance with the terms of the contract.

While we have not discovered and our attention was not directed to any precise precedents, the applicable principles are summarized in 64 Am. Jur. 2d *Public Works and Contracts* §§ 133, 135 (1972). It is noted in such annotation that a contractor working under a governmental contract is not liable for direct or consequential injuries resulting as a necessary incident from prosecution of the work in a proper manner. This principle of non-liability is based on the theory that the contractor is entitled to share the immunity of the public body for such incidental injuries "where he is not guilty of negligence." (See § 135, at 1008.) It is also further stated that whatever immunity the governmental body may enjoy from negligence liability does not extend to the contractor and he is liable to third persons for injuries proximately resulting from negligence in the performance of the work contracted for. "Liability in such case is based not upon the contract with the public authorities or upon a failure to perform the work in accordance with that contract but upon the contractor's negligence and the tortious breach of duty imposed upon him by common law." (See § 133, at 1004-5; see also 9 A.L.R. 3d 382 §§ 3, 5, and cases cited therein.) In view of the fact that the contractor is liable for his negligence whether or not he is operating under a government contract and whether or not he is performing according to the plans and specifications of such contract, we find no valid reason why the contract should be referred to in plaintiff's complaint.

The trial court relied in part on the case of *Roberts v. Town of Cicero*, 369 Ill. 639. The complaint in that case, however, was premised upon the assumption that the contractor had a duty to remove a structural support under a bridge into which plaintiff's car subsequently crashed. There is no general duty on persons to remove such structural supports, and plaintiff's complaint in *Roberts*, to establish a duty on the part of the contractor, had to show a contractual relationship between the state and the contractor under which the contractor was to remove the support. Since there was no showing that the contractor had any such duty, the complaint was properly dismissed.

■■ In the instant case, on the contrary, the duty charged to defendant is to keep the drainage systems from becoming clogged. All persons have a duty to prevent drainage systems from being clogged. The legislature of this State has codified this rule in section 12—7 of the Drainage Code (Ill. Rev. Stat. 1973, ch. 42, par. 12—7) (which was enacted in 1955). This section provides:

> "* * * whoever wilfully or negligently obstructs, injures, cuts, breaches or destroys a private, mutual or district drain or drainage

structure, levee or pumping plant is liable for the cost of repairing or reconstructing the same and for any damage to lands, crops or other property that may have resulted therefrom."

The duty to keep drains free and unclogged thus arose outside the contract, even though it appears from the allegations in Count IV that such duty was also expressly included in the contract. Since the duty was not premised on the existence of the contract, however, the document need not have been pleaded in the complaint. The contract, fundamentally, would only operate to serve as a defense for the defendant General Paving Co. but even in such case General Paving Co. would be required to establish that it was not negligent in order to prevail. It is our conclusion, therefore, that the trial court clearly erred in dismissing Counts, I, II, and III on the ground that none of them mentioned the government contract.

■■ Some reference should be made to the contention of defendant that the Count III of the third amended complaint could not state a cause of action under the theory of *res ipsa loquitur* since the purpose of the doctrine was to allow proof of negligence by circumstantial evidence where direct evidence concerning the cause of the damage is primarily within the knowledge and control of the defendant. The count charges defendant with knowledge and control of the construction of the improvement of Routes 54 and I57, including, but not limited to, providing maintenance and proper drainage at said location. It is also asserted that since the areas in question do not usually flood causing injuries, unless there is negligent construction or maintenance of the drainage system, defendant is charged with negligence in this respect. The complaint limits the *res ipsa loquitur* charges to what was exclusively within the knowledge and control of the defendant. Obviously plaintiff would be required to establish a causal connection between the alleged negligence in failing in the duty to keep the drainage system functioning and the fire resulting from the short circuit of the electrical system in plaintiff's building.

■■ It is also asserted that a count based on the *res ipsa loquitur* doctrine and other counts charging specific negligence may not be combined in one complaint. This is not true, as shown in many cases in this State. (*Cobb v. Marshall Field & Company*, 22 Ill.App.2d 143, 159 N.E.2d 520.) The mere fact that plaintiff has alleged certain specific acts of negligence in the complaint does not mean he could not also rely, alternatively, upon the doctrine of *res ipsa loquitur* if it can be proven. Plaintiff, under such circumstances, would have the burden of establishing the requisite elements to cause the doctrine of *res ipsa loquitur* to be applied in this cause. For our purposes, the allegations

which are made in the count were adequate at this stage of the pleadings.

Count IV, which alleged existence of the contract, was made subject to supplementary attack. Plaintiff had filed sworn answers to defendant's interrogatories and therein estimated total damage over $60,000. The answers also show that Smith had been reimbursed by his insurance companies to the extent of only $16,546.92. With no further proof that plaintiff had been "fully compensated for his losses," defendant then moved for dismissal of Count IV, and contended that plaintiff was no longer the real party in interest, since the insurers had been subrogated to his claim. The trial court dismissed Count IV on this defendant's motion and gave plaintiff 60 days to amend that count, with the apparent expectation that plaintiff was going to produce insurance policies and receipts. Plaintiff, however, elected to stand on his pleadings.

We must conclude that the trial court erred in dismissing Count IV. It is true that the law provides that any action brought by virtue of subrogation must be brought either by the subrogee (the insurer in this case) or for the use of the subrogee (Ill. Rev. Stat., ch. 110, par. 22(3)). This provision, however, has been interpreted to concern only those cases where the owner or other plaintiff has no continuing interest whatsoever in the suit by reason of full payment to such plaintiff. In *Shaw v. Close*, 92 Ill.App.2d 1 (which was relied upon by both parties in the trial court), the court stated at pages 4-5:

> "Where the right of subrogation exists an action may be brought in the name of the insured if the insured has an interest in the suit and is entitled to recover something, if only a nominal sum, over and above the amount of the subrogation claim."

■■ The complaint in this cause alleged $200,000 in damages, and the sworn statements of plaintiff showed approximately $60,000 in property damage. Payment by insurers was only $16,546.92. It is obvious that plaintiff retains a substantial interest in the suit. Defendant's contention that plaintiff was fully reimbursed by the insurance companies was a mere allegation with no proof introduced or even suggested to contradict the facts sworn to be plaintiff. As a consequence we must conclude that the trial court erred in dismissing Count IV of the complaint, as well as the other counts.

For the reasons stated, the order of the Circuit Court of Kankakee County dismissing the complaint in this cause is hereby reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded with directions.

SCOTT, P. J., and DIXON, J., concur.