LEROY BLATZ *et al.*, Plaintiffs-Appellants, *v.* THE CITY OF ROCK FALLS, Defendant-Appellee.

Third District   No. 81-521

Opinion filed March 29, 1982.

Alexander L. Haglund, of Haglund and Gretler, of Sterling, for appellants.

Richard A. Palmer, of Ward, Ward, Murray, Pace & Johnson, of Sterling, for appellee.

JUSTICE ALLOY delivered the opinion of the court:

Plaintiffs LeRoy and Mary Ann Blatz appeal from the dismissal of their two count complaint by the circuit court. The defendant City of Rock Falls had filed a section 48 motion to dismiss, based upon an alleged satisfaction and release of the claim. The circuit court agreed that the claim had been satisfied and released, and it dismissed the action. From the dismissal, the plaintiffs appeal. They argue (1) that they are not barred from pursuing their action by reason of their insurer-subrogee's settlement with the defendant, and (2) that action by LeRoy Blatz did not bind his wife, co-tenant Mary Ann Blatz.

The facts are undisputed and at the motion to dismiss plaintiffs' factual allegations will be taken as true. The Blatzes owned real estate, for rental purposes, in joint tenancy in the City of Rock Falls. On January 21, 1977, city employees were thawing frozen water pipes at the property through the use of an electric welder. Their actions with the welder resulted in a fire at the residence, damaging, but not destroying the property. At the time of the occurrence, the Blatzes had the property insured with Economy Fire and Casualty Company, in a total amount of $12,000.

On March 14, 1977, LeRoy Blatz filed a "Proof of Loss" form with Economy, in which he stated his losses and damage as $7,074.93 (for repair of fire damage) and $760 (for lost rent), totaling $7,834.93. He claimed that amount under his policy with Economy. Checks were issued by Economy covering the stated damages, as set forth in the "Proof of Loss." The checks were made payable to LeRoy and Mary Ann Blatz. LeRoy Blatz also signed a "Receipt for Payment" provision on the "Proof of Loss" form, acknowledging receipt of $7,834.93 from Economy "in full satisfaction and indemnity for all claims upon said company on account of said loss and damage."

After this settlement between Blatz and Economy, Economy, as subrogee, asserted its subrogation claim for the full amount it had paid, $7,834.93, against the City of Rock Falls' insurance carrier, Hartford Insurance Company. Hartford honored the claim, issuing a draft in the full amount claimed, payable to Economy as subrogee of LeRoy Blatz, in full settlement of the claim.

Thereafter, LeRoy and Mary Ann Blatz filed a two-count complaint against the City of Rock Falls, alleging trespass and negligence, based upon the city employees' actions on January 21, 1977, in starting a fire at their rental residence. The complaint alleged that the property was damaged and that the damages totaled $15,000.

The City of Rock Falls responded with their section 48 motion to dismiss (Ill. Rev. Stat. 1979, ch. 110, par. 48), setting forth the previous settlements between the Blatzes and Economy as well as the settlement between Economy and Hartford, on behalf of the city. The city asserted that Economy's settlement of the claim with Hartford was a settlement and release of the claim and that it barred the Blatzes' complaint against the City of Rock Falls. The circuit court agreed, dismissing the complaint, on the basis of prior settlement and release. We reverse and remand.

So far as the record at this stage indicates, the Blatzes have never settled their claims against the City of Rock Falls. They settled their claims with Economy, their insurer, arising under their contract of insurance. They acknowledged full satisfaction for all claims against Economy, not anyone else, when they received payment of $7,834.93. By virtue of that payment and settlement, Economy became subrogated to the rights of the Blatzes with respect to the claim, *up to the amount of their payment to them. (Central National Bank & Trust Co. v. Central Illinois Light Co.* (1965), 65 Ill. App. 2d 287, 294, 212 N.E.2d 489.) As the court indicated, such subrogation arises independent of contract, by operation of law. However, to the extent that any damages resulted beyond those paid for by Economy, the Blatzes retained an interest in the claim against the City of Rock Falls. (*Smith v. General Paving Co.* (1974), 24 Ill. App. 3d 858, 863, 321 N.E.2d 689; *Shaw v. Close* (1968), 92 Ill. App. 2d 1, 4-5,

235 N.E.2d 830.) It is important to note that the record does not indicate that the Blatzes assigned all their rights and interests with respect to their claims to their insurer, Economy. No such assignment, either under the provisions of the insurance contract, or by separate agreement, is found in the record. Therefore, to the extent they can show damages above that paid for by their insurer to them, they retain an interest in the claim against the City of Rock Falls. Their complaint alleges damages significantly in excess of the $7,834.93 Economy paid them, in that damages totaling $15,000 are stated.

The situation, as it stood after Economy's payment to the Blatzes, was that Economy, as insurer-subrogee, had a claim against the City of Rock Falls based upon the property damage to the Blatz residence caused by the city employees. Economy's subrogation claim, however, was limited to the amount it had paid to the Blatzes. The Blatzes, to the extent that they sustained damage above that paid by their own insurer, also retained an interest in their claim against the City of Rock Falls. In such situations, there are two claimants against an alleged tortfeasor, each asserting a claim based upon the same cause of action, herein the property damage resulting from the city employees' actions. (*Geneva Construction Co. v. Martin Transfer & Storage Co.* (1953), 351 Ill. App. 289, 300-01, 114 N.E.2d 906, *aff'd* (1954), 4 Ill. 2d 273.) The subrogee may bring an action, in its name or for its use, providing it sets forth in pleading the basis for the subrogation. (Ill. Rev. Stat. 1979, ch. 110, par. 22(3).) Similarly, the insured-subrogor, to the extent he has not been compensated for damages by his insurer, may bring an action to recover the damages sustained. *Smith v. General Paving Co.* (1974), 24 Ill. App. 3d 858; *Shaw v. Close* (1968), 92 Ill. App. 2d 1.

In the instant case, Economy settled its claim, based upon subrogation, prior to suit. It settled for $7,834.93, the amount it had paid to the Blatzes, and released its claim against the City of Rock Falls. Its claim, however, as has been noted, was not the full claim of the Blatzes arising from the actions of the city employees. Rather, its claim was only to the extent it had reimbursed the Blatzes for the damages. It had received no assignment of the full claims of the Blatzes arising from the occurrence. Economy could not settle and compromise claims that it did not possess.

The defendant Rock Falls does not quarrel with this reasoning. Rather it asserts that Economy had *fully* satisfied all of the Blatzes' damage claims by its payment of $7,834.93. Therefore, it argues, it had received a full assignment of the property damage claim and could, therefore, settle the claim in its entirety. The problem with this argument is not its legal foundation, but rather its factual basis in the record. At this stage of the case, the court is confronted with a verified complaint stating that damages incurred by the Blatzes amounted to $15,000. This amount is

clearly in excess of the amount the Blatzes received from Economy, which was $7,834.93. Rock Falls points to the "Proof of Loss" filed by LeRoy Blatz with Economy, wherein he stated that his damages resulting from the fire amounted to $7,834.93. What we are confronted with, then, is a factual question as to the extent of damages, which had a distinct bearing upon the plaintiffs' rights to maintain their action. The factual dispute cannot be resolved without further proceedings.

In summary, the circuit court should not have dismissed the action of the Blatzes, based upon Economy's settlement of its subrogated claim, where there was a factual dispute as to the amount of damage suffered, and where the Blatzes alleged damages above the amount paid to them by their insurer. If, after final factual determination in the cause, it is clearly shown that the total damages sustained were $7,834.93, or less, then the defendant City of Rock Falls would be entitled to have the action dismissed, based upon the prior settlement. They may also have a claim under section 41 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 41). If, after factual development, sufficient evidence is presented to show liability and raise a question as to damages beyond that paid by Economy, then the issue will be resolved by the jury or fact finder. As plaintiffs concede, if the eventual judgment would exceed $7,834.93, defendant City of Rock Falls would be entitled to a setoff in the amount of $7,834.93, as against any judgment award.

Some final comment is required on the defense contention that our reversal herein will undermine settlements and encourage litigation. We would note that the result in this case could easily have been avoided. Had Economy obtained an assignment of the Blatzes' entire property damage claim against Rock Falls, it could then have settled the entire claim. Had Hartford insisted that the Blatzes also execute the release and settlement, along with Economy, they would have protected themselves against this action. The insurers could easily have protected themselves.

The circuit court action in dismissing plaintiffs' complaint is reversed, and the case is remanded with directions to proceed in accordance with the views expressed in this opinion.

Reversed and remanded, with directions.

BARRY, P. J., and SCOTT, J., concur.