**Owen Shaw, Plaintiff-Appellee, v. Orval Close, Defendant-Appellant.**

**Gen. No. 51,537.**

First District, Third Division.
January 11, 1968.
Rehearing denied February 9, 1968.

Paulson and Ketchum, of Chicago (Thomas R. O'Bryan, of counsel), for appellant.

Melvin A. Garretson, of Chicago (Sidney Z. Karasik, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The plaintiff's automobile was struck in the rear by an automobile driven by the defendant. The plaintiff executed a release which, for the sum of $73, discharged the defendant from all claims growing out of the accident.

Excluded from the release, however, was the subrogation right of the plaintiff's insurance carrier to recover from the defendant property damages in excess of the first $50 which the plaintiff was required to pay because of the deductible clause in his policy.

The plaintiff sued the defendant in his own name for his total repair bill and the defendant moved to strike on the ground that the release barred the plaintiff from bringing the action. The motion was denied, a jury trial was held and a verdict was returned in favor of the plaintiff. The verdict was for $538, although the uncontradicted evidence showed that the repair bill for the plaintiff's car amounted to $804.92.

The principal contention for the defendant-appellant is that the plaintiff's complaint should have been stricken. Subordinate contentions are that the trial court committed reversible error in refusing to send instructions, which had been read to the jury, to the jury room, and that the verdict was an obvious compromise which should not be permitted to stand.

 A release is the giving up or abandoning of a claim or right to the person against whom the claim exists. Manthei v. Heimerdinger, 332 Ill App 335, 75 NE2d 132 (1947). If executed with knowledge of its meaning, it bars recovery in a cause of action covered by the release. Kusturin v. Chicago & A. R. Co., 287 Ill 306, 122 NE 512 (1919). Where an injured party executes a release to the tortfeasor of any and all claims which he may have because of an accident, there arises a bar to any action against the tortfeasor by either the injured party or his insurer-subrogee. Inter-Insurance Exchange of Chicago Motor Club v. Andersen, 331 Ill App 250, 73 NE2d 12 (1947). The scope and extent of a release, however, depends on the intent of the parties as expressed in the instrument. Cf. Frank Rosenberg, Inc. v. Carson Pirie Scott & Co., 28 Ill2d 573, 192 NE2d 823 (1963);

cf. Lurie v. Linderman, 11 Ill App2d 76, 136 NE2d 588 (1956) ; 76 CJS, Release, § 51 (1952). Here, the release was general and by its terms the parties clearly intended to include all claims arising from the accident except the subrogation interest of the insurance company.

█ Thus, under the release, the only action which remained was that of the insurance company. This action had to be brought either in the name of or for the use of the company. The applicable statute states:

> "Any action hereafter brought by virtue of the subrogation provision of any contract or by virtue of subrogation by operation of law shall be brought either in the name or for the use of the subrogee . . . ." Ill Rev Stats, 1965, c 110, § 22(3).

This statute simply means that the interest of a subrogee cannot be concealed in any proceeding brought for its benefit. It must be either named as the plaintiff or disclosed as the real party in interest. Such is the situation in the case at hand. The plaintiff released any and all claims that he might have had against the defendant; the release operated as a bar to all claims except those reserved to the subrogee. The present action, therefore, had to be brought in the name of the subrogee itself or in the name of the plaintiff for the use of the subrogee. Since it was not, it contravened the statute. It makes no difference that the plaintiff complains that he would have been prejudiced by revealing the interest of the subrogee-insurance company, or that the defendant has not shown that he was prejudiced by the action being brought in the plaintiff's own name. The action was not in accord with the controlling statute and the court should have granted the defendant's motion to strike the complaint.

█ Where the right of subrogation exists an action may be brought in the name of the insured if the insured has an interest in the suit and is entitled to recover something, if only a nominal sum, over and above the amount

of the subrogation claim. The authorities cited by the plaintiff stand for this proposition. Osgood v. Chicago & N. W. Ry. Co., 253 Ill App 465 (1929) (construing former section 18, the substantially identical statute to section 22(3)); Byalos v. Matheson, 328 Ill 269, 159 NE 242 (1927); Ebel v. Collins, 47 Ill App2d 327, 198 NE2d 552 (1964). See Historical and Practice Notes, SHA, c 110, § 22. In the Osgood case, for example, the plaintiff sustained property damage to his automobile in a collision with the defendant railroad. A portion of the damages, over and above the $50 deductible clause, was paid to the plaintiff by his own insurance company. The plaintiff then brought suit against the defendant in his own name. This action was challenged by the defendant on the ground that it had to be brought by the subrogee or by the subrogor for the use of the subrogee. However, the Appellate Court rejected this contention and permitted the owner, who had only a relatively small interest in the litigation, to bring the action in his own name.

In the Osgood case and in the other cases cited by the plaintiff, the party suing in his own name may have recovered some amount, no matter how small, in excess of the subrogation claim. In the present case, however, no such recovery was possible because the plaintiff had released his entire cause of action. Thus, the plaintiff was bound by the statute. Accordingly, the judgment of the Circuit Court will be reversed and the cause remanded with direction to grant the defendant's motion to strike the complaint.

██ In view of our conclusion the two subordinate points raised by the defendant require no explication. We will merely state that the trial judge was in error when, in response to a request that the written instructions be given to the jury, he said: "No, no, the instructions never go to the jury," and when he refused to send them to the jury room. Ill Rev Stats 1965, c 110, § 67(2).

5

In reference to his second point, the defendant has no reason to complain that the damages awarded by the jury were for an amount smaller than proved by the plaintiff's evidence. Abramson v. Briardale Builders, Inc., 20 Ill App2d 600, 156 NE2d 607 (1959).

Reversed and remanded with direction.

SCHWARTZ and SULLIVAN, JJ., concur.