DAVID I. HARKCOM *et al.*, Plaintiffs-Appellants, *v.* THE EAST TEXAS MOTOR FREIGHT LINES, INC., *et al.*, Defendants-Appellees.

Third District    No. 81-358

Opinion filed March 8, 1982.

David I. Harkcom, of Moline, for appellants.

Peter C. Fieweger, of Katz, McAndrews, Durkee, Balch & Lefstein, of Rock Island, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiffs, David Harkcom, Ernest Wehmeier and Helen Wehmeier, filed an action against the defendants, Aaron Borchers and the East Texas Motor Freight Lines, Inc., in the circuit court of Rock Island County for damages sustained in a motor vehicle accident. The trial court dismissed all counts requesting recovery for negligent or intentional infliction of emotional distress and for malicious damage to property.

On November 29, 1979, in Davenport, Iowa, an accident occurred between a semitrailer truck, owned by the East Texas Motor Freight Lines, Inc., and operated by its employee Aaron Borchers, and an automobile, owned by Ernest and Helen Wehmeier and driven by David Harkcom. At the time of the accident, traffic was congested and proceeding at a very slow rate.

Harkcom and the Wehmeiers subsequently filed suit against Borchers and his employer. In count one of their third amended complaint, the Wehmeiers allege that Borchers and his employer, under a *respondeat superior* theory, negligently caused their semitrailer truck to collide with the Wehmeiers' automobile while the automobile was changing lanes, from right to left, on a two-way, four-lane, undivided highway, causing damage to the left rear door panel of the Wehmeier vehicle.

In count two, Harkcom realleges the facts stated in count one and

requests recovery from both defendants for negligent infliction of physical suffering and mental distress, stating this his "guts churned and his head ached, and as a result of such physical suffering he was rendered nervous, upset, worried, aggravated, distracted, frustrated and humiliated * * *."

In count three, the Wehmeiers reallege the facts set forth in count one and seek punitive damages from both defendants for maliciously causing property damage to their automobile.

In count four, Harkcom essentially restates the facts alleged in count one and requests punitive damages from both defendants for malice of forethought in causing the accident which resulted in his physical suffering and mental distress.

On May 11, 1981, the trial court granted the defendants' motion to dismiss counts two, three and four. The court indicated that count two was insufficient in law because recovery for emotional or mental distress is not allowable unless directly connected with some contemporaneous physical injury. The court found counts three and four to be inadequate because of their conclusory nature, no facts being alleged to support the claims of wanton and wilful conduct, and because a claim of vicarious liability for wilful and wanton conduct cannot be supported without facts alleging the employer either authorized the conduct, ratified it or recklessly hired the errant employee who was unfit for his job.

The trial court further found that the plaintiffs had elected to stand on their third amended complaint, choosing not to replead; therefore, counts two, three and four were dismissed with prejudice and the court's order was declared a final and appealable order.

The issues which have been presented for our review are as follows: (1) whether the substantive law to be applied is that of Iowa or Illinois; (2) whether count two was properly dismissed for the reason that a cause of action for negligent infliction of emotional distress does not exist unless such distress is directly connected with a contemporaneous physical injury to the plaintiff; and (3) whether counts three and four were properly dismissed for the reason that they were conclusory in nature, failing to allege facts constituting wilful and wanton conduct.

■■ Addressing the conflict of laws issue first, the Illinois Supreme Court has held that the law of the State where the tort occurred should determine the rights and liabilities of the parties unless Illinois has a more significant relationship with the occurrence and with the parties, in which case, the law of Illinois should apply. *Ingersoll v. Klein* (1970), 46 Ill. 2d 42, 262 N.E.2d 593.

■■ In *Ingersoll* the court decided Illinois, not Iowa, had the most significant relationship with that case. The decedent, Ingersoll, the plaintiff, administrator of the Ingersoll estate, and the defendants were all residents

of the State of Illinois. The only connection Iowa had with the case was that it was the situs of the decedent's death.

In the case at hand, the plaintiffs and defendant Borchers are all residents of Illinois. The only relationship Iowa has with the case is that it was the place where the injury occurred. *Ingersoll* is therefore directly applicable. Illinois has the most significant relationship with this case and its law should govern the outcome.

Having decided Illinois law should determine the rights and liabilities of the parties, it is apparent that no cause of action exists for the recovery of damages due to the negligent infliction of mental distress without some contemporaneous physical injury to the plaintiff. *Braun v. Craven* (1898), 175 Ill. 401, 51 N.E. 657; see also *Cutright v. City National Bank* (1980), 88 Ill. App. 3d 742, 410 N.E.2d 1142.

■■ In count two, Harkcom complains of mental suffering and physical manifestations of emotional distress. He does not state at any time that he has suffered from an actual physical injury as a result of the accident. Consequently, his claim which is premised upon mental suffering alone is not actionable under Illinois law.

■■ As for the claims in counts three and four seeking recovery for malicious damage to property and intentional infliction of emotional distress, both are insufficient in law to state causes of action. A pleading must contain substantial averments of fact sufficient to support a cause of action. The mere addition of the words wilfully or wantonly to factual allegations utilized in a negligence claim is insufficient to support a cause of action for an intentional tort. *Pendowski v. Patent Scaffolding Co.* (1980), 89 Ill. App. 3d 484, 411 N.E.2d 910.

■■ Additionally, in order to state a cause of action for intentional infliction of emotional distress, facts must be alleged which demonstrate the causation of severe emotional distress as a result of extreme and outrageous conduct, not just insults, threats, annoyances or indignities. *Public Finance Corp. v. Davis* (1976), 66 Ill. 2d 85, 360 N.E.2d 765. See also *Robertson v. Travelers Insurance Co.* (1981), 100 Ill. App. 3d 845, 427 N.E.2d 302.

■■ The plaintiffs have failed in counts three and four to aver facts sufficient to support their claims for malicious damage to property and intentional infliction of emotional distress. The factual allegations of count one are essentially restated in both counts three and four, and no additional information is given of the defendants' intentional or malicious behavior. The plaintiffs simply state conclusions of malicious intent. Because we believe counts three and four to be insufficient on this basis, there is no need to address the trial court's additional ground of insufficiency relating to the vicarious liability of the East Texas Motor Freight Lines, Inc.

784

For the foregoing reasons the judgment of the trial court is affirmed and the case is remanded for further proceedings consistent with the opinions expressed herein.

Affirmed and remanded.

BARRY, P. J., and ALLOY, J., concur.