EDITH RADTKE, Plaintiff-Appellee, v. INTERNATIONAL HEATER COMPANY, INC., Defendant (Honeywell, Inc., Defendant-Appellant).

First District (2nd Division)   No. 85—1301

Opinion filed January 28, 1986.

James J. Desveaux, of Chicago, for appellant.

John J. Dwyer, Jr., of Karr & Valenti, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE BILANDIC delivered the opinion of the court:

This is a subrogation action brought in the name of plaintiff-appellee Edith Radtke by her insurer, Economy Fire & Casualty Company. Radtke's home was damaged by fire and smoke on April 23, 1979. Her amended complaint sought recovery from defendants International Heater Company, Inc., the furnace manufacturer, Honeywell, Inc., the manufacturer of a switch used in the furnace, and K

& K Heating, the installer. After a jury was selected, but before trial began, defendant-appellant Honeywell moved to strike Radtke as the party plaintiff. The court denied the motion, and a jury returned a verdict for $6,695.95 in plaintiff's favor. Honeywell appeals. The only issue is whether Radtke is the proper party plaintiff.

Radtke's home sustained smoke and fire damage as a result of a defective limit switch that was used in the furnace. A limit switch is a safety device that keeps a furnace from overheating. Radtke filed a claim with her insurer, the Economy Fire & Casualty Company. She admitted in response to interrogatories submitted by International Heater Company, Inc., that she "received reimbursement." The insurer, a subrogee, filed a complaint in Radtke's name, seeking recovery from defendants. Defendant International Heater Company, Inc., is not a party to this appeal. A second defendant, K & K Heating, reached a settlement agreement with plaintiff for $1,000, and it is not a party. Plaintiff and the third defendant, appellant Honeywell, Inc., the manufacturer of the limit switch, went to trial.

Before trial, but after the jury was chosen, Honeywell moved to strike plaintiff Radtke as the party plaintiff. Honeywell argued that plaintiff was claiming $7,200 in damages and had a $100 deductible. Because she received a settlement of $1,000, she had been reimbursed for her deductible and thus had no real interest in the litigation. In response, plaintiff argued that her deductible is satisfied on a pro rata basis. Because the $1,000 represented only 14% of the amount that was sought, only $14 of the deductible had been reimbursed, thus giving her an interest in the litigation.

Defendant relied on section 143b of the Insurance Code of 1937 (Ill. Rev. Stat. 1979, ch. 73, par. 755b). The court, in responding to the argument, ruled:

> "This [section] I am familiar with. However, this pertains to collision coverage. *** [A]nd even there it says that the client, the insured[,] is entitled to a full share of the net settlement. ***
>
> Here, I think, gentlemen, we have a partial recovery which is set off, and therefore, I still think there is an interest, and she should be named as a party plaintiff. That's going to be my ruling. ***"

The court then granted plaintiff's motion to bar any evidence that showed that the insurer was the subrogee.

The jury returned a verdict in plaintiff's favor. The verdict was reduced by the amount of the settlement, and a judgment for $5,695.95 was entered. Defendant appeals, and argues that the in-

surer should have been named as the party plaintiff.

■ Subrogation actions are governed by section 2—403(c) of the Code of Civil Procedure, which states:

> "(c) Any action hereafter brought by virtue of the subrogation provision of any contract or by virtue of subrogation by operation of law shall be brought either in the name or for the use of the subrogee; and the subrogee shall in his or her pleading on oath, or by his or her affidavit if pleading is not required, allege that he or she is the actual bona fide subrogee and set forth how and when he or she became subrogee." (Ill. Ann. Stat., ch. 110, par. 2—403(c) (Smith-Hurd 1985 Supp.).)

A long line of cases has established the principle that if an insured plaintiff has even a *de minimus* pecuniary interest in the suit, that interest is sufficient to allow a subrogation action to be maintained in the plaintiff's name. (*Nitrin, Inc. v. Bethlehem Steel Corp.* (1976), 35 Ill. App. 3d 577, 592, 342 N.E.2d 65, *appeal denied* (1976), 63 Ill. 2d 552.) It is also equally clear that if the plaintiff has no right to recovery, the interest of the subrogee cannot be concealed, and " '[i]t must be either named as the plaintiff or disclosed as the real party in interest.' " *Nitrin, Inc. v. Bethleham Steel Corp.* (1976), 35 Ill. App. 3d 577, 592, quoting *Shaw v. Close* (1968), 92 Ill. App. 2d 1, 4, 235 N.E.2d 830, *appeal denied* (1968), 38 Ill. 2d 629.

The narrow issue in this case is whether the $1,000 settlement was prorated between Radtke and her insurer. The record is deficient in two respects. First, it does not contain a copy of the policy, so we cannot determine whether the parties were obligated contractually to prorate the settlement. Second, there is no copy of the settlement agreement from which we can infer the intent of the parties.

Moreover, we agree with the trial court that defendant's reliance on section 143b of the Insurance Code of 1937 does not support its position. Section 143b refers specifically to collision coverage and states in part: "If the deductible amount is included in the subrogated loss claim the insurance carrier shall pay the full pro rata deductible share to its insured out of the net recovery on the subrogated claim." (Ill. Ann. Stat., ch. 73, par. 755b (Smith-Hurd 1985 Supp.).) Thus, even if this section applied, it favors plaintiff's position that the settlement was prorated, leaving Radtke with a sufficient pecuniary interest to remain as party plaintiff.

■ Plaintiff, in support of her position, relies on *Blue Cross of Florida, Inc. v. O'Donnell* (Fla. App. 1970), 230 So. 2d 706. There, the insurer intervened in a suit brought by the spouse of an insured

against a tortfeasor. The appellate court reversed a summary judgment against the insurer. It said, "[I]f it is found that the appellant [Blue Cross] is entitled to recover, then such an amount, if any, shall be based upon equitable considerations, taking into account factors such as the amounts received by the injured party, and the amounts expended by the insurer. Moreover, pro rata distribution is available in the event that the beneficiary, in his separate action against the tortfeasor, receives a recovery less than the amount advanced by the intervenor-subrogee. This procedure falls within the purview of an equitable disposition of the parties' rights." (230 So. 2d 706, 709.) The *O'Donnell* case, then, supports plaintiff's position that any settlement was prorated between her and her insurer.

■ Even assuming that the court's ruling was error, defendant has not shown any prejudice. It attacks neither the finding of liability nor the amount of damages. At trial, defendant presented only one witness, a Honeywell engineer, and there is no indication that the case would have been tried any differently had the insurer-subrogee been substituted as the party plaintiff. We have held that "the objective of a reviewing court is not to determine whether the record is totally free of error but whether any error occurred which substantially prejudiced [a party] and affected the outcome below." *Kyowski v. Burns* (1979), 70 Ill. App. 3d 1009, 1019, 388 N.E.2d 770, *appeal denied* (1979), 79 Ill. 2d 612.

In this case, defendant has not carried its burden of proof. It has given us no reason to reverse the judgment of the circuit court.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS and HARTMAN, JJ., concur.