William M. BASTIAN and Debra K. Bastian, Plaintiffs,

v.

WAUSAU HOMES, INC. and T.P.I. Corporation, Defendants.

WAUSAU HOMES, INC., Cross-Plaintiff,

v.

T.P.I. CORPORATION, Cross-Defendant.

No. 84 C 10971.

United States District Court, N.D. Illinois, E.D.

May 7, 1986.

Kevin P. Caraher, Clausen, Miller, et al., Chicago, Ill., for plaintiffs.

Manuel Sanchez, Kevin Burke of Hinshaw, Culbertson, et al., Chicago, Ill., for TPI Corp.

James J. O'Hagan, Eric Samore, Carmel Cosgrave, Chicago, Ill., for Wausau Homes Inc.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Plaintiffs, purchasers of a prepackaged home from defendant Wausau, bring this diversity action for the loss of the home and its contents in a fire allegedly caused by a defective electric baseboard heater manufactured by defendant T.P.I. Corporation. The complaint seeks $168,423.33 in damages. This court has previously dismissed count II, an express warranty claim against Wausau, but denied Wausau's motion to dismiss count I, the strict liability count. *Bastian v. Wausau Homes, Inc.*, 620 F.Supp. 947 (N.D.Ill.1985).

Wausau now moves under Federal Rule of Civil Procedure 56(d) for partial summary adjudication, namely an order finding that an affirmative defense is valid. The preprinted contract for sale of the house from Wausau to the Bastians contained the following term:

> XIII. Waiver of Subrogation. Buyer hereby waives all claims for recovery from seller for any loss or damage to any of buyer's property insured under valid or collectible insurance policies to the extent of any recovery collectible under such insurance.

Exhibits submitted with the motion show that the Bastians collected $128,423.33 under their insurance. Wausau seeks a ruling that the Bastians have no claim against it for property damage covered by their insurance policy, *i.e.*, that they have waived any claim against Wausau for the first $128,423.33 of their damages. Plaintiffs maintain that the waiver of subrogation clause is unenforceable because it is unconscionable. Further, as applied to count I, the strict liability count, plaintiff argues the clause violates the public policy of Illinois.

This court disagrees. A clause in a contract by which a party limits, or even totally exculpates himself from, his liability and damages is not necessarily unenforceable under Illinois law.[1] *Rutter v. Arlington Park Jockey Club*, 510 F.2d 1065, 1066 (7th Cir.1975). Illinois courts, in evaluating such contract terms, balance one set of legal principles, such as compensating individuals for their injuries and requiring tortfeasors or parties who have breached their contracts to pay the damages which their conduct has caused, with another principle, freedom of contract, including the freedom of parties to a contract to allocate risk of loss. *See Rutter*, 510 F.2d at 1068–1069; *Evra Corp. v. Swiss Bank Corp.*, 522 F.Supp. 820, 832 (N.D.Ill.1981), *aff'd in relevant part*, 673 F.2d 951 (7th Cir.), *cert. denied* 459 U.S. 1017, 103 S.Ct. 377, 74 L.Ed.2d 511 (1982).

The clause in question here is not even a true exculpatory clause. With it the parties agree to shift most of the risk of property loss to a third party, namely the Bastians' insurance company; or, worded another way, by the clause Wausau became an additional beneficiary of the Bastians' insurance policy. *See, e.g., Interested Underwriters at Lloyds v. Ducor's, Inc.*, 103 A.D.2d 76, 478 N.Y.S.2d 285 (N.Y.App.Div. 1984), *aff'd mem.* 65 N.Y.2d 647, 491 N.Y. S.2d 620, 481 N.E.2d 252 (1985). Such a clause does not leave the injured party uncompensated. Indeed, the Bastians have already been largely compensated for their loss, albeit from their own insurance rather than by Wausau. The term did not immunize Wausau from all liability nor require the Bastians to give up all claims against Wausau. By it, the Bastians gave up only their rights against Wausau to the extent that they were insured. *Cf. Trump-Equitable Fifth Avenue Co. v. H.R.H. Construction Corp.*, 106 A.D.2d 242, 485 N.Y. S.2d 65 (N.Y.App.Div.), *aff'd mem.* 66 N.Y.2d 779, 497 N.Y.S.2d 369, 488 N.E.2d 115 (1985).

### Application to Warranty and Negligence Counts

As applied to counts III and IV, which are implied warranty and negligence counts, Illinois law requires enforcement of the clause. The allocation of the risk of loss which the clause accomplishes is a matter which is normally within the freedom of contract of the parties. Such a clause is enforceable unless the specific fact situation makes enforcement unconscionable or its presence in the particular kind of contract is against public policy. *Rutter*, 510 F.2d at 1068. Indeed, an Illinois court has enforced a virtually identical clause between manufacturers on a claim for damages arising from contract. *Nitrin, Inc. v. Bethlehem Steel Corp.*, 35 Ill. App.3d 577, 342 N.E.2d 65 (1st Dist.1976). Also, the Seventh Circuit, applying Illinois law, enforced a similar clause when racehorse owners whose horses died in a track barn fire brought a negligence action against the race track. *Rutter*, 510 F.2d at 1069.

Plaintiff argues that the inequality of bargaining power between the Bastians and Wausau, and the preprinted nature of the contract, makes the clause part of an adhesion contract and so unconscionable. The circumstances do indicate an adhesion contract, but mere inequality of

---

1. By another term, the parties agreed that the contract "shall be governed by and construed according to" Wisconsin law. However, neither party has raised that issue and the memoranda of both parties treat Illinois law as governing. A federal court applies the choice-of-law rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). By Illinois choice-of-law rules, a court need not consider foreign law unless a party raises the issue. *National Aircraft Leasing, Ltd. v. American Airlines, Inc.*, 74 Ill.App.3d 1014, 394 N.E.2d 470, 31 Ill.Dec. 268 (1st Dist.1979). Also, given the extent of contacts the transaction has with Illinois, and that Illinois was both the place of performance of the contract and the place of injury, it seems likely that an Illinois court would find that Illinois has the most significant relationship to the transaction, in spite of the parties' choice of law clause. *See, e.g., Hardman v. Helene Curtis Industries, Inc.*, 48 Ill.App.2d 42, 198 N.E.2d 681 (1st Dist.1964); *Zlotnick v. MacArthur*, 550 F.Supp. 371 (N.D.Ill.1982). In any case, it does not appear that applying Wisconsin law would change the result. *See* n. 2 *infra.*

bargaining power does not of itself make every term of a contract unconscionable. The questions are rather whether the parties had a reasonable opportunity to read and understand the term, and whether the term itself is unreasonable or oppressive. *See Pierson v. Dean, Witter, Reynolds Inc.*, 742 F.2d 334, 339 (7th Cir.1984). Since William Bastian owns his own manufacturing firm, presumably he was familiar with contracting in general. The Bastians' deposition testimony shows that they had an opportunity to read the contract and they expressed no dissatisfaction at the time. The clause itself was printed entirely in capital letters. We conclude that they had a reasonable opportunity to read and understand the contract term.

 As to whether the term was unreasonable or oppressive, a waiver of subrogation clause is not necessarily unconscionable even in an adhesion contract. Rather, one looks to the specific term in a factual context to see if the term is unreasonable under the circumstances. *Lloyds*, 478 N.Y.S.2d at 286. *See also Horizon Petroleum Co. v. Barges Dixie 162, 234 and 236*, 753 F.2d 382, 385 (5th Cir.1985); *Fluor Western, Inc. v. G & H Offshore Towing Co.*, 447 F.2d 35, 39–40 (5th Cir. 1971), *cert. denied* 405 U.S. 922, 92 S.Ct. 959, 30 L.Ed.2d 793 (1972). Here we note that the clause extended only to claims for property damage, not personal injury. It did not require waiver of any and all claims, but rather only a waiver to the extent that claims were covered by insurance. The Bastians retained the right to be fully compensated for their losses. We

cannot say that it is unconscionable as a matter of law for a party with an insurable interest in property to be asked to look first to insurance for compensation for its loss. *Cf. Rutter*, 510 F.2d at 1068; *Fluor*, 447 F.2d at 40.

 Neither has plaintiff shown that such a clause, at least as applied to the contract and negligence counts, violates any stated public policy of Illinois. One finds public policy primarily in the Illinois Constitution and statutes, and secondarily in judicial decisions. *Palmateer v. International Harvester Co.*, 85 Ill.2d 124, 130, 421 N.E.2d 876, 878, 52 Ill.Dec. 13, 15 (1981). Plaintiff does not cite and this court has not found any constitutional or statutory provisions which would make the clause unenforceable, and, as noted above, the *Rutter* and *Nitrin* decisions expressly enforced such a clause. Nor do similar clauses violate the public policy of North Dakota, *Agra-By-Products, Inc. v. Agway, Inc.*, 347 N.W.2d 142 (N.D.1984) (lessee and lessor of grain elevator), or Georgia, *Tuxedo Plumbing & Heating Co. v. Lie-Nielsen*, 245 Ga. 27, 262 S.E.2d 794 (1980) (plumbing contractor and apartment owner).[2]

### Application to Strict Liability

 The application of the clause to count I, the strict liability count, admittedly presents a more difficult question, but our resolution is the same. There is Illinois case law—which, plaintiff argues, represents Illinois public policy—holding that an exculpatory clause is not a defense to an

---

2. In view of the choice-of-law question discussed in footnote 1, *supra*, it is worth noting that no Wisconsin court has dealt directly with a waiver of subrogation clause. However, considering Wisconsin precedent on various types of liability limitations, we think the same result would be reached under Wisconsin law. Wisconsin distinguishes between clauses which limit liability and true exculpatory contracts, and will also enforce even some exculpatory contracts. *Discount Fabric House v. Wisconsin Telephone Co.*, 117 Wis.2d 587, 345 N.W.2d 417 (1984). A clause is unconscionable under Wisconsin law "when no decent, fair-minded person would view the result of its enforcement with-

out being possessed of a profound sense of injustice." *Foursquare Properties Joint Venture I v. Johnny's Loaf & Stein, Ltd.*, 116 Wis.2d 679, 681, 343 N.W.2d 126, 127 (Wis.App.1983). An exculpatory contract may be unenforceable for reasons of public policy when the party seeking exculpation is a publicly regulated business engaged in a major public service or possesses a decisive advantage of bargaining strength. *Merten v. Nathan*, 108 Wis.2d 205, 321 N.W.2d 173 (1982). Since the clause in question here is not a true exculpatory clause, and is neither profoundly unjust nor squarely in conflict with Wisconsin public policy, one expects a Wisconsin court would enforce it.

action grounded in strict liability. *Sipari v. Villa Olivia Country Club,* 63 Ill. App.3d 985, 380 N.E.2d 819, 20 Ill.Dec. 610 (1st Dist.1978); *Diedrich v. Wright,* 550 F.Supp. 805, 809 (N.D.Ill.1982). However, as noted above, case law such as *Rutter* and *Nitrin* also has upheld waiver of subrogation clauses. With case law apparently in conflict, there is no clear expression of Illinois public policy on the applicability of the clause.

We think that the cases can be reconciled. *Sipari* and *Diedrich* are distinguishable from the case at bar on two grounds. First, as noted above, the clause in question is not exculpatory but rather a waiver of subrogation. The Bastians have already recovered most of their losses under their policy and still have an action for the remaining losses. Second, both *Sipari* and *Diedrich* were actions for personal injuries. The *Restatement of Contracts* would hold a term exculpating a seller of a product from strict liability unenforceable only insofar as it barred suits for physical harm. *Restatement of Contracts 2d,* § 195(3) (1979). The clause did not cover personal injury and no such injury is involved in this case. *Sipari* and *Diedrich* can be reconciled with *Rutter* and *Nitrin* if the public policy against contracts which immunize against strict liability does not extend to a mere waiver of subrogation to the extent of insurance for property damage. We conclude that the clause is not against Illinois public policy.

In striking our balance, then, this court concludes that more legal principles will be served if the clause is upheld than if it is found unenforceable. While Wausau will not have to pay all the Bastians' damages even if it is found liable, the clause does not bar the Bastians from being fully compensated for their losses. The parties freely agreed to the clause. The clause is not unconscionable and does not offend public policy. In short, the balance in this case tips towards upholding freedom of contract.

**Conclusion**

This court finds that the first affirmative defense of defendant Wausau Homes, Inc. is a valid defense. Its motion for partial summary adjudication is granted.