William M. BASTIAN and Debra K. Bastian, Plaintiffs,

v.

WAUSAU HOMES, INC. and T.P.I. Corporation, Defendants.

WAUSAU HOMES, INC., Cross-Plaintiff,

v.

T.P.I. CORPORATION, Cross-Defendant.

No. 84 C 10971.

United States District Court, N.D. Illinois, E.D.

July 31, 1986.

Kevin P. Caraher, Clausen, Miller, Gorman, Caffrey & Witous, P.C., Chicago, Ill., for plaintiffs.

Eric Samore, Querrey, Harrow, Gulanick & Kennedy, Ltd., Chicago, Ill., for Wausau.

Manuel Sanchez, Kevin J. Burke, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for T.P.I.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Defendant Wausau Homes, Inc. moves to be dismissed from count I of plaintiffs' complaint, the strict liability count. Since the count is directed only against Wausau, the effect of the motion would be to extinguish the count. It argues that it did not manufacture the defective product which caused the property damage of which plaintiffs complain here; rather, defendant T.P.I. Corporation did. Wausau attaches a two-page extract from the deposition of plaintiffs' expert and contends that Ill.Rev. Stat. ch. 110, ¶ 2–621 now requires its dismissal.

That statute provides that in a products liability action based on strict liability in tort, a defendant other than the manufacturer "of the product allegedly causing injury" may file an affidavit certifying the identity of the manufacturer, ¶ 2–621(a), after which the court shall dismiss that defendant out of the action, ¶ 2–621(b). However, the statute does not displace the principles of tort causation. If, for example, the defendant seeking dismissal has had control of the product, knew of the defect or created the defect, there is no dismissal. ¶¶ 2–621(b), 2–621(c). There is also no dismissal if for one reason or another the plaintiff's action cannot reach the manufacturer or the manufacturer is insolvent. ¶ 2–621(b)(1)–(5). In short, the statute was designed for the typical situation where the plaintiff sues both a dealer and a manufacturer, the dealer clearly is not liable as a result of his own conduct but rather solely because of strict liability principles, and the manufacturer is known, present and able to pay. *See, e.g., Filippini v. Ford Motor Co.*, 110 F.R.D. 131 (N.D.Ill.1986).

 This case does not present the typical situation. A fire destroyed the Bastian's home and its contents in December 1982. Plaintiffs' expert testified by deposition that the fire began in an electric baseboard heater on the southwest wall of the home. It is that testimony which Wausau now attaches to its motion, apparently in lieu of the affidavit of certification which the statute requires. But the expert did not say that the heater alone caused the fire. Considering the more extensive extracts of his testimony which the Bastians have submitted in opposition to Wausau's motion, the heater could have been defective, or it could have been improperly installed, or the lack of adequate insulation in the home walls could have caused the thermostat switch to malfunction, or the unit simply could have been the wrong kind

of heater for the job Wausau asked of it. In short, the problem in this products liability suit is that we do not yet know which product—the heater or the home itself, or both—caused the Bastians' losses.

The Bastians' complaint reflects that uncertainty. As originally filed it contained six counts. Count II has been dismissed. *Bastian v. Wausau Homes, Inc.,* 620 F.Supp. 947, 951 (N.D.Ill.1985).[1] Two counts are directed against the manufacturer of the heater, defendant T.P.I. Corporation: count V on a strict liability theory of recovery and count VI on negligence. Three surviving counts run against Wausau: count I, at issue here, on a strict liability theory; count III on breach of implied warranty; and count IV on negligence. The product in these counts is the prefabricated mass-produced home from Wausau. *Id.* at 949. In count I the Bastians are suing Wausau as the firm which "designed, packaged, constructed and sold" the home, alleging that the home was in an unreasonably dangerous condition when it left Wausau's control. The condition alleged is that the home contained a heater which was either defectively designed, manufactured, assembled or installed, or was an improper heater to choose for use in such a home since it lacked a double high limit thermostat switch. In other words, the count alleges several ways in which Wausau's conduct could have caused the Bastians' injuries.

Nothing on the face of ¶ 2–621 indicates that it was intended to apply to the instant case. At the outset, we note that it is questionable whether Wausau has complied with the statute. A deposition extract is not an affidavit. But more importantly, a reading of the statute strongly suggests that the Illinois legislature did not intend for ¶ 2–621 to be a vehicle through which a manufacturer could escape the consequences of its own conduct. *See* ¶ 2–621(c)(1)–(3). Wausau does not cite and this court has not found any legislative history or case law which would indicate otherwise. With the current motion, Wausau in effect is asking this court to ignore the difficult factual questions of causation in this case, and decide now that the true defective product was the heater. Such a conclusion is scarcely appropriate on this procedural motion.

■ Moreover, on the literal language of the statute Wausau cannot be dismissed. Only a defendant other than the manufacturer of the product allegedly causing the injury may be dismissed. ¶ 2–621(a). This court previously held that under Illinois law a prefabricated mass-produced home is a product for purposes of strict liability in tort. *Bastian,* 620 F.Supp. at 950. The allegations of count I are directed at the home as a product and Wausau as its manufacturer. For purposes of count I, Wausau is the manufacturer of the product allegedly causing the injury. Further, even if Wausau would for some reason not be considered the manufacturer, it still could not be dismissed. Under ¶ 2–621(b) the court may not dismiss a defendant which is "within the category set forth in subsection (c) of this section," and among those categories is a defendant which "exercised some significant control over the design or manufacture of the product." ¶ 2–621(c)(1). Unquestionably, Wausau fits in that category for purposes of count I. In short, ¶ 2–621 provides no basis for dismissing Wausau from strict liability.

### Conclusion

The motion of defendant Wausau Homes, Inc. to be dismissed from count I of plaintiffs' complaint is denied.

---

**1.** We have also held that a waiver of subrogation clause in the contract of sale of the home limits Wausau's liability to that portion of the Bastians' losses not covered by their home insurance. *Bastian v. Wausau Homes, Inc.,* 635 F.Supp. 201 (N.D.Ill.1986).