William M. **BASTIAN**, Jr., and Debra K. Bastian, Plaintiffs,

v.

**TPI CORPORATION**, Defendant.

No. 84 C 10971.

United States District Court, N.D. Illinois, E.D.

June 8, 1987.

Kevin P. Caraher, Thomas A. McDonald, Clausen Miller Gorman Caffrey & Witous, P.C., Chicago, Ill., for plaintiffs.

Dan L. Boho, Kevin Joseph Burke, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

MORAN, District Judge.

This case, the subject of several prior rulings of this court, *see Bastian v. Wausau Homes, Inc.*, 620 F.Supp. 947 (N.D.Ill. 1985), 635 F.Supp. 201, 638 F.Supp. 1325 (N.D.Ill.1986), is scheduled for trial on June 9, 1987. Wausau Homes is no longer a party. Now before the court are three pretrial motions. Defendant TPI Corporation moves to join Commercial Union Insurance Co. of Massachusetts, plaintiffs' insurer, as a party; to dismiss count III of plaintiffs' amended complaint, which seeks punitive damages, for failure to state a claim; and to bar the introduction at trial of evidence of prior occurrences of fires starting in baseboard heaters made by TPI.

Commercial Union is subrogated to part of the Bastians' claim here, as it has paid part of the Bastians' losses pursuant to their insurance policy. TPI contends that it has a right to join Commercial Union as a real party in interest under Federal Rule of Civil Procedure 17(a). Were this court writing on a clean slate in this circuit, we might well deny the motion. An insurer who is only a partial subrogee and who actively participates in the lawsuit is probably not a "party to be joined if feasible"

under Fed.R.Civ.P. 19 since its absence prejudices no one, *Wright v. Schebler Co.,* 37 F.R.D. 319, 322 (S.D.Iowa 1965), and certainly is not an "indispensable" party. *Virginia Electric & Power Co. v. Westinghouse Electric Corp.,* 485 F.2d 78, 86 (4th Cir.1973). There are good policy reasons for not requiring an insurance company to sit next to a plaintiff at trial. *White Hall Building Corp. v. Profexray Division of Litton Industries, Inc.,* 387 F.Supp. 1202, 1206 (E.D.Pa.1974); *see, e.g., Radtke v. International Heater Co.,* 140 Ill.App.3d 542, 95 Ill.Dec. 9, 488 N.E.2d 1352 (1st Dist. 1986).

■ However, there is binding precedent in this circuit on the question. In *Wadsworth v. United States Postal Service,* 511 F.2d 64, 67 (7th Cir.1975), a partial subrogation case, the court held that a subrogee insurer should be joined as a real party in interest on a defendant's motion for such joinder. *Wadsworth* controls the joinder of subrogee insurers in this circuit. *Carpetland, U.S.A. v. J.L. Adler Roofing, Inc.,* 107 F.R.D. 357, 359 (N.D.Ill.1985). There is no indication that joinder of the insurer would affect this court's diversity jurisdiction over this case. Under those circumstances, TPI can move to make the fact finder aware of all the "owners" of the claim. *Id.* at 360. TPI's motion to join Commercial Union is granted.

The Bastians' count III seeks punitive damages on a theory of willful and wanton conduct. They allege that TPI knew of prior incidents of similar arcing in their heaters which resulted in fires, so that it knew of an unreasonably dangerous condition in its heaters. TPI asks us to dismiss on the ground that the count merely consists of the same facts already included in plaintiffs' count II, a negligence count. Citing *Harkcom v. East Texas Motor Freight Lines, Inc.,* 104 Ill.App.3d 780, 783, 60 Ill.Dec. 494, 497, 433 N.E.2d 291, 294 (3d Dist.1982), it contends that such repetition plus the words "willful and wanton" fails to state a claim and is grounds for dismissal of the count.

■ TPI, however, has misread *Harcom.* Even if TPI's characterization of count III as simply a recapitulation of count II were accurate, that would not necessarily be grounds for dismissal. The same acts by a defendant, if sufficiently egregious, can constitute both negligence and willful and wanton conduct. *Smith v. Seiber,* 127 Ill.App.3d 950, 955, 82 Ill.Dec. 697, 701, 469 N.E.2d 231, 235 (5th Dist. 1984). One cannot, of course, create a claim for punitive damages where none exists by merely inserting a conclusory allegation of willful and wanton conduct into a set of facts which would not support a finding of such conduct as a matter of law. But one can plead the same facts in two counts, one characterizing them as negligence and the other as willful and wanton conduct, if the same facts could support both theories. *O'Brien v. Township High School District 214,* 83 Ill.2d 462, 469, 47 Ill.Dec. 702, 705, 415 N.E.2d 1015, 1018, (1980); *Third Swansea Properties, Inc. v. Ockerlund Construction Co.,* 41 Ill.App.3d 894, 898, 354 N.E.2d 148, 151 (1st Dist. 1976).

■ In any case, however, the Bastians do not offer completely identical counts. Count III includes the additional allegation that TPI knew of prior similar occurrences. A classic definition of the Illinois standard for willful and wanton conduct is an act "committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it". *O'Brien,* 83 Ill.2d at 469, 47 Ill.Dec. at 705, 415 N.E.2d at 1018. In a products liability case, a manufacturer's awareness that its product poses a danger coupled with a failure to act to reduce the risk amounts to willful and wanton conduct. *Moore v. Remington Arms Co.,* 100 Ill.App.3d 1102, 1114–1115, 56 Ill. Dec. 413, 422, 427 N.E.2d 608, 617 (4th Dist.1981). By alleging such awareness, the Bastians state a claim for punitive damages. TPI's motion to dismiss count III is denied.

■ TPI also asks that we grant a motion *in limine* keeping out any evidence of similar occurrences. It fears jury confusion and possible prejudice. Prior incidents

with TPI heaters are of course not relevant to the question of whether TPI was negligent in the manufacture of the specific heater in the Bastian home, and there is a danger of prejudice. But there are issues in this case other than negligent manufacture. Plaintiffs seek to recover in count I on a strict liability theory. Evidence of prior occurrences is admissible to establish the unreasonably dangerous qualities of a defective design of a product for purposes of strict liability. *Ballweg v. City of Springfield*, 114 Ill.2d 107, 114–115, 102 Ill.Dec. 360, 363, 499 N.E.2d 1373, 1376 (1986). Plaintiffs also seek punitive damages for willful and wanton conduct, and evidence of prior occurrences is admissible to show that a defendant was on notice of a dangerous condition in its product which will probably result in further injury if nothing is done. *Johnson v. Amerco, Inc.*, 87 Ill.App.3d 827, 846, 42 Ill.Dec. 684, 699, 409 N.E.2d 299 (5th Dist.1980). *See generally* Annot., 42 A.L.R.3d 780 (1972).

Such evidence, to be relevant, must come from "substantially similar" incidents involving the same dangerous condition. *Ballweg*, 114 Ill.2d at 114, 102 Ill.Dec. at 363, 499 N.E.2d at 1376; *Johnson*, 87 Ill. App.3d at 849, 42 Ill.Dec. at 701, 409 N.E.2d at 316. The Bastians propose to introduce evidence of a 1975 fire in Anderson, Indiana, a fire of unspecified date in Bozeman, Montana, and a 1982 fire in a model Wausau home in Rothschild, Wisconsin. According to them, all of these fires started when electricity arced between the elements of TPI heaters and the elements separated.

 TPI contends first of all that the Indiana and Montana fires are not sufficiently similar because they involved heaters with different model numbers. But the prior occurrence need not have been identical in every respect to the case before the court to be admissible. *Ballweg*, 114 Ill.2d at 114–115, 102 Ill.Dec. at 363, 499 N.E.2d at 1376. For example, where injury resulted from a coupler on one railroad car puncturing a railroad tank car containing gasoline, the plaintiff was not limited in his proof to incidents where tank cars were punctured by couplers. He sought to establish that cars which lacked a head shield were susceptible to puncture, so several types of incidents of punctures relevant to that design defect were admissible. *Rucker v. Norfolk & Western Railway*, 77 Ill.2d 434, 441, 33 Ill.Dec. 145, 148, 396 N.E.2d 534, 537 (1979). The Bastians contend that the differences in the models involved are mostly cosmetic, and do not relate to the design defect which they think is present in each of the models. If so, the occurrences would seem to fit within the *Ballweg-Rucker* limits. They should have an opportunity to pursue that line.

 TPI also contends that the Indiana and Montana fires had different causes. In particular, it states that the heater in Indiana was negligently installed and that the Montana fire was a case of arson. Where the conduct of third parties has significantly altered some of the variables involved, the prior occurrences will no longer be similar enough to be admissible. *Johnson*, 87 Ill.App.3d at 848–849, 42 Ill. Dec. at 700–701, 409 N.E.2d at 315–316. Arson would certainly seem to fit that rule. However, the incident need not involve exactly the same chain of events to be admissible. In *Ballweg*, for example, the alleged design defect was the use of a metal mast on a boat which conducted electricity if it came in contact with an overhead power line. The fact that in some accidents involving such contact the mast severed while in others it did not, or that in some cases the water around the boat was electrified and in others it was not, did not keep the occurrences from being sufficiently similar to be admissible. 114 Ill.2d at 114–115, 102 Ill.Dec. at 363, 499 N.E.2d at 1376. If the Indiana fire started with arcing between the heater elements, as plaintiffs say it did, a flaw in the installation need not have made a significant difference in terms of the specific danger which plaintiffs seek to prove existed in the product. We will not totally block the use of such evidence on that account. However, we exhort plaintiffs to consider the evidence they wish to use carefully and to exercise their best judgment. If their evidence is off the mark, the price can be a mistrial.

**478**

Finally, TPI objects to the use of evidence from the Wisconsin fire. TPI does not argue lack of similarity, since the heater there carried the same model number as the one in the Bastians' home, and was installed in a prefabricated Wausau home like the Bastians'. It does contend, however, that the fire there in January 1982 cannot be relevant because the Bastians' heater was manufactured in 1979. This court is not sure that it follows the argument. The Wisconsin heater was manufactured about a year later than the one in the Bastians' home, but it was the same model. Only occurrences prior to the one which caused plaintiffs' injury are relevant to showing a manufacturer's knowledge of a defect, but the question is timing in relation to the injury, not to the manufacture of the product. If a trier of fact found that the January 1982 fire put TPI on notice of a defect, it could find that TPI acted with reckless indifference to public safety by failing to either recall the heaters or warn consumers of the problem by the time of the Bastians' fire eleven months later. *See Moore*, 100 Ill.App.3d at 1112, 56 Ill.Dec. at 420, 427 N.E.2d at 615. Timing does not make this evidence inadmissible. TPI's motion *in limine* is also denied.

### CONCLUSION

Defendant's motion to join Commercial Union Insurance Co. of Massachusetts as a party is granted. Defendant's motion to dismiss count III of plaintiffs' amended complaint and defendant's motion *in limine* are both denied.