SOVEREIGN CHEMICAL &
PETROLEUM PRODUCTS,
INC., et al., Plaintiffs,

v.

AMEROPAN OIL CORPORATION,
Defendant.

No. 91 C 8074.

United States District Court,
N.D. Illinois, E.D.

Dec. 30, 1992.

Jeffrey J. Asperger, Brian T. Bailey, Clausen, Miller, Gorman, Caffrey & Witous, P.C., Chicago, IL, for plaintiffs.

Arthur B. Sternberg, Pederson & Houpt, P.C., Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

Plaintiffs Sovereign Chemical & Petroleum Products, Inc. and Sovereign Oil Company (collectively "Sovereign") brought this diversity action against defendant Ameropan Oil Corporation. The basis of this lawsuit is that Ameropan provided Sovereign with the incorrect grade of fuel oil for Sovereign's boiler. This damaged the boiler which then failed to heat Sovereign's facility. Sovereign's sprinkler system froze and then discharged when it thawed, damaging Sovereign inventory. Sovereign's amended complaint contains five counts. The counts are labeled as follows: I-negligence; II-breach of contract; III-res ipsa loquitur; IV-breach of express warranty by affirmation, promise and description; and V-breach of implied warranty of fitness for particular purpose.

Defendant has moved to dismiss on the ground of lack of jurisdiction. Defendant contends that the real party in interest is Sovereign's insurer, Home Insurance Co. of New York. If Home Insurance were made a party, diversity would be destroyed and the

case would have to be dismissed for lack of subject matter jurisdiction.

Sovereign concedes that it has been reimbursed by Home Insurance for $453,000 of the $478,000 of damages claimed in this action. Sovereign has entered into a subrogation agreement with Home Insurance whereby it assigned Home Insurance its right to the claim for the reimbursed loss and authorized Home Insurance to sue, compromise, or settle in Sovereign's name. Sovereign, however, still retains an interest in the first $25,000 of its claim, which apparently was the amount of the deductible under its policy of insurance.

■ Federal Rule of Civil Procedure 17(a) requires that an action be prosecuted in the name of the real party in interest. In this diversity action, state law controls as to the substantive law for determining who possesses the cause of action, but state procedural law as to who can bring an action in state court does not apply. *American National Bank & Trust Co. of Chicago v. Weyerhaeuser Co.,* 692 F.2d 455, 459 (7th Cir.1982); C.A. Wright, A. Miller, & M.K. Kane, *Federal Practice & Procedure* § 1544 at 340–42 (2d ed. 1990). The parties agree that the substantive law of Illinois applies to claims in this case.

The discussions of the issue in Illinois cases generally intermingle substantive and procedural law, there being no need for purposes of Illinois law to distinguish the two. It is clear that, procedurally, an insured whose claim is partially subrogated can bring a claim for the entire amount of its loss. Ill.Rev.Stat. ch. 110, ¶ 2–403(c); *Radtke v. International Heater Co.,* 140 Ill.App.3d 542, 95 Ill.Dec. 9, 10–11, 488 N.E.2d 1352, 1353–54 (1st Dist.1986). It also appears that such an insured has a substantive right to bring a claim for the entire amount. *See id.; Nitrin, Inc. v. Bethlehem Steel Corp.,* 35 Ill.App.3d 577, 342 N.E.2d 65, 76 (1st Dist.1976); *Shaw v. Close,* 92 Ill.App.2d 1, 235 N.E.2d 830, 831–32 (1st Dist.1968); *Brosam v. Employer's Mutual Casualty Co.,* 61 Ill.App.2d 183, 209 N.E.2d 350, 352 (4th Dist.1965). Therefore, Sovereign's partial interest in the claimed damages is a substantive basis under Illinois law for bringing the present lawsuit.

■ Under federal procedural rules, when part of an insured's claim is subrogated to an insurer, both the insured and the insurer are real parties in interest. Under such circumstances, ordinarily a defendant's motion to join both the insured and insurer as plaintiffs in the action will be granted. *Virginia Electric & Power Co. v. Westinghouse Electric Corp.,* 485 F.2d 78, 85 (4th Cir.1973), *cert. denied,* 415 U.S. 935, 94 S.Ct. 1450, 39 L.Ed.2d 493 (1974); Wright, Miller, & Kane, § 1546 at 360–62 (subrogation). *See also id.* § 1545 at 353–54 (assignments). However, where bringing the additional plaintiff into the suit would destroy jurisdiction, joinder will not be permitted unless the additional plaintiff is an indispensable party under Rule 19. *Virginia Electric,* 485 F.2d at 85–86; Wright, Miller, & Kane, § 1546 at 362–63. *See also id.* § 1545 at 353–54. Here, Home Insurance has ratified the action brought by Sovereign, thereby ensuring that Home Insurance would be bound by any adverse decision against Sovereign. Ameropan, therefore, would not be prejudiced in any way by not joining Home Insurance as a party. Home Insurance is not an indispensable party. *See Virginia Electric,* 485 F.2d at 86.

Home Insurance need not be joined as a party and only Sovereign's citizenship need be considered for purposes of determining if there is complete diversity of citizenship. *Id.* at 83 n. 8. This court has jurisdiction over Sovereign's action. Ameropan's Rule 12(b)(1) motion to dismiss will be denied.

■ Also pending is Ameropan's motion for summary judgment. On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. *Oxman v. WLS–TV,* 846 F.2d 448, 452 (7th Cir.1988); *Jakubiec v. Cities Service Co.,* 844 F.2d 470, 471 (7th Cir.1988). The burden of establishing a lack of any genuine issue of material fact rests on the movant. *Id.* at 473. The nonmovant, however, must make a showing sufficient to establish any essential element for which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The movant need not

provide affidavits or deposition testimony showing the nonexistence of such essential elements. *Id.* at 324, 106 S.Ct. at 2553. Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. *See Covalt v. Carey Canada, Inc.*, 950 F.2d 481, 485 (7th Cir.1991); *Collins v. Associated Pathologists, Ltd.*, 844 F.2d 473, 476–77 (7th Cir.), *cert. denied*, 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 110 (1988). As the Seventh Circuit has summarized:

> The moving party bears the initial burden of directing the district court to the determinative issues and the available evidence that pertains to each. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 [106 S.Ct. 2548, 2553, 91 L.Ed.2d 265] (1986); *id.* at 325 [106 S.Ct. at 2554] ("the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case"). Then, with respect to issues that the non-moving party will bear the burden of proving at trial, the non-moving party must come forward with affidavits, depositions, answers to interrogatories or admissions and designate specific facts which establish that there is a genuine issue for trial. *Id.* at 324 [106 S.Ct. at 2553]. The non-moving party cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue. *Id.* The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 [106 S.Ct. 1348, 1356, 89 L.Ed.2d 538] (1986). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 [106 S.Ct. 2505, 2512, 91 L.Ed.2d 202] (1986).

*Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir. 1992).

With that said, it must be noted that the parties have generally ignored the formalities of a summary judgment motion. Sovereign has filed a statement of material facts that it refers to as being a Local Rule 12(N) statement. The first part of that statement is labeled as "Plaintiffs' Response to Moving Parties' [sic] Statement." Although Sovereign makes passing reference in its answer brief to Ameropan's failure to provide any affidavits or other materials in support of its factual assertions, Sovereign admits that the six paragraphs of Ameropan's statement are true. However, the court record does not contain any six-paragraph Local Rule 12(M) statement of Ameropan so it is unclear precisely what facts Sovereign admits are true. The parties do have a 26–paragraph statement of uncontested facts in their pretrial order and Sovereign properly relies on that statement in supporting some of the facts contained in its "Statement of Material Facts." Sovereign, however, also relies on the statement of contested issues of fact filed with the pretrial order without providing any supporting affidavits or deposition testimony. Ameropan, though, does not object that any factual assertions in Sovereign's "Statement of Material Facts Contested by Defendant" lacks support.

Since Sovereign does not specifically contend that any of the limited facts relied upon by Ameropan are in dispute, the facts stated in the narrative "Statement of Facts" contained in Ameropan's opening brief will be assumed to be true unless inconsistent with a factual contention of Sovereign. Since Ameropan makes no objection to Sovereign's factual contentions, the factual statements in Sovereign's "Statement of Material Facts" will also be assumed to be true. The uncontested facts contained in the final pretrial order will also be considered and will be treated as conclusive. For purposes of re-

solving the motion for summary judgment, the following facts are assumed to be true.

Sovereign has an oil packaging facility in Chicago, Illinois. Ameropan distributes petroleum products. In November 1987, Sovereign purchased No. 5 grade fuel oil from Ameropan for use in its boiler at the Chicago facility. Ameropan knew the fuel oil was being used to heat Sovereign's Chicago facility. On December 15, 1987, Sovereign ordered more No. 5 grade fuel oil to be delivered on December 18. The cost of the fuel oil was $2,746. Ameropan, however, mistakenly delivered No. 6 grade fuel oil which it pumped into Sovereign's storage tank for the Chicago facility's heating system. Sovereign did not need its heating system again until December 28. Prior to December 18, the heating system had been working properly. No. 6 grade fuel oil is tar-like and clogged Sovereign's heating system so that it would not work on December 28. Sovereign contacted Ameropan which agreed to attempt to correct the problem. Ameropan pumped No. 2 grade fuel oil into the storage tank in an attempt to thin out the fuel and allow the heating system to work. This was unsuccessful.

The proper way to correct the error that had occurred was to mechanically blend the No. 6 grade fuel oil with a lighter grade, pump out the fuel oil, and disassemble and clean the fuel oil distribution system. On December 29, Sovereign again requested assistance from Ameropan, but Ameropan did not respond. On December 30, Sovereign informed Ameropan that further problems would develop if the system was not repaired. Ameropan again failed to respond. After December 30, Sovereign hired Motor Oil Refining Company to perform the work necessary to get the heating system back into service. However, the repairs were not completed until well into January. Lacking any heat, water in the sprinkler system at the facility froze and damaged the sprinkler system. When the heat went back on, water leaked out of the sprinkler system causing damage to personal property (apparently labels for cans) stored at the facility.[1] In the present action, Sovereign only seeks damages for the injury to the personal property; no claim is made for injury to the heating and sprinkler systems.

Sovereign is claiming three different aspects of wrongful conduct by Ameropan. It is claiming that Ameropan (1) delivered the wrong fuel oil; (2) attempted to repair the damage in an incorrect manner; and (3) failed to respond to further requests for assistance.

Ameropan contends that the Count I and III tort claims should be dismissed because the claimed damages are economic losses not recoverable under tort law or because Ameropan had no duty to prevent the harm claimed. Ameropan contends the contract counts should be dismissed because the harm claimed was not foreseeable or because the damages claimed are disproportionate to the contract price.

■ "A person breaching a contract can be held liable for such damages as may fairly and reasonably be considered as naturally arising from the breach thereof in light of the facts known or which should have been known or such as may reasonably be supposed to have been within the contemplation of the parties as a probable result of a breach thereof." *Case Prestressing Corp. v. Chicago College of Osteopathic Medicine*, 118 Ill. App.3d 782, 74 Ill.Dec. 382, 387, 455 N.E.2d 811, 816 (1st Dist.1983). Ameropan knew that the fuel oil was for Sovereign's heating system and there is no evidence to support that Ameropan had any reason to believe that Sovereign had an alternative heating system available. Ameropan argues that it had no basis for believing that Sovereign had a sprinkler system. Sprinkler systems, though, are probably the norm rather than the exception in commercial buildings. In any event, it was certainly reasonably foreseeable that lack of heat in Chicago during late December or January could cause pipes

---

1. Ameropan may be contending that Sovereign or Motor Oil was negligent in not protecting against the possibility of water damage. That contention is unsupported by any evidence and, since not raised until Ameropan's reply, Sovereign did not have the opportunity to admit or deny such allegations. Whether Sovereign failed to mitigate its damages will not be considered in resolving the summary judgment motion.

to burst due to freezing of water. *Cf. A.P. Woodson Co. v. Sakran,* 129 A.2d 175, 177 (D.C.Mun.Ct.App.1957); *Whitelegg v. Standard Accident Insurance Co.,* 50 Misc.2d 702, 271 N.Y.S.2d 492 (1966); *Distribuidora Nacional De Disco of New York, Inc. v. Rappaport,* 92 A.D.2d 559, 459 N.Y.S.2d 307, 309 (1983); *Capper v. Callahan,* 39 Wash.2d 882, 239 P.2d 541, 543 (1952). Whether the pipes that burst happened to be radiator pipes, drinking water pipes, sprinkler pipes, or some other pipe should not affect whether water damage from burst pipes was a foreseeable event. Lack of foreseeability is not a basis for dismissing any claim.

■ Citing Comment f of § 351 of the *Restatement (Second) of Contracts* (1981), Ameropan contends that the $478,000 of damage to property claimed is disproportionate to the $2,746 cost of the fuel and therefore the interests of justice go against permitting such a claim. Ameropan does not cite any Illinois case, nor any case from another jurisdiction, in support of the limited argument it makes. The limitation on damages set forth in Comment f has been applied rarely and only to limited and particular circumstances. *See Perini Corp. v. Greate Bay Hotel & Casino, Inc.,* 129 N.J. 479, 610 A.2d 364, 381–82 (1992). The present case does not appear to be an appropriate case for applying the limitation and this court certainly will not expand on Illinois law based on the limited presentation of Ameropan. The contract claims will not be dismissed.

■ Ameropan argues that it owed no tort duty to Sovereign. Ameropan's argument primarily relies on lack of foreseeability, but that is not the only basis for its argument. As previously discussed, the damages claimed were reasonably foreseeable. Also, this is not merely a matter of delivering the wrong grade of fuel oil. On the facts presently assumed to be true, Ameropan also further damaged the heating system (and delayed repairs by others) when it employed inappropriate means in seeking to repair the problem it had created. On the present facts, it cannot be held, as a matter of law, that no tort duty was violated. *Cf. Electronics Group, Inc. v. Central Roofing Co.,* 164 Ill.App.3d 915, 115 Ill.Dec. 844, 846, 518 N.E.2d 369, 371 (1st Dist.1987), *appeal denied,* 119 Ill.2d 556, 119 Ill.Dec. 384, 522 N.E.2d 1243 (1988).

■ Last, Ameropan argues that the claimed damages are for economic losses which are not recoverable in tort. *See generally Moorman Manufacturing Co. v. National Tank Co.,* 91 Ill.2d 69, 61 Ill.Dec. 746, 435 N.E.2d 443 (1982). This case involves a sudden water leak from frozen pipes that ruptured. Such an occurrence is not a mere economic loss as would be gradual deterioration resulting in a leak. The *Moorman* doctrine does not bar Sovereign's tort claim. *See Electronics Group,* 115 Ill.Dec. at 846, 518 N.E.2d at 371.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [25] and motion to dismiss [26] are denied. Defendant's motion for rule to show cause [18] is denied without prejudice as moot. The parties having been previously notified, trial will proceed on January 4, 1993 at 10:00 a.m. The parties shall also submit proposed jury instructions and voir dire questions at that time.